**BERGEN, JOHNSON AND OLSON, A Texas General Partnership, Appellant,**

v.

**VERCO MANUFACTURING COMPANY, Appellee.**

**No. 08–84–00390–CV.**

Court of Appeals of Texas, El Paso.

May 15, 1985.

Rehearing Denied June 12, 1985.

Joel Fry, Kemp, Smith, Duncan & Hammond, El Paso, for appellant.

Cory Haugland, Grambling & Mounce, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a summary judgment granted the Plaintiff, Verco Manufacturing Company, against the Defendant, Bergen, Johnson and Olson, based on alleged violations of the Bulk Transfers Act, Tex.Bus. & Com.Code Ann. secs. 6.101, et seq. (Vernon 1968). We reverse and remand for trial.

In May and June of 1982, Verco sold goods on credit to Rio Grande Steel Company for a total of $40,202.55, and this debt was still owing to Verco when Bergen purchased Rio Grande's Canutillo, Texas, facility. Verco subsequently sued both Rio Grande and Bergen for the $40,202.55 debt, including in its petition an allegation that Bergen violated the Texas Bulk Transfer Act by its September 1, 1982, Asset Purchase Agreement and subsequent transfers from Rio Grande.

The Plaintiff's petition against Bergen alleged that it was a creditor of Rio Grande, which company was engaged in the business of manufacturing and selling steel products from its plant at Canutillo; that on September 15, 1982, Rio Grande transferred by a contract of sale a major part of the inventory and equipment which

it maintained at the Canutillo plant to the Defendant Bergen in bulk and not in the ordinary course of business; and that the said Defendant failed to require Rio Grande to furnish a list of creditors and no notice of the transfer was given to the Plaintiff, all in violation of the Bulk Transfer Act. After Verco entered into a consent summary judgment against Rio Grande, whereby Rio Grande acknowledged the debt, Verco obtained a severance as to the cause of action against Bergen, and then moved for summary judgment as to its bulk transfer claim.

Verco's summary judgment proof consisted of: 1) their attorney's affidavit establishing attorney's fees and certifying to an attached copy of the Rio Grande Consent Judgment and an attached copy of the Asset Purchase Agreement; and (2) Bergen's Response to Request for Admissions and Written Interrogatories. By this summary judgment proof, the Plaintiff established that in September, 1982, Bergen purchased the assets of the Rio Grande Steel plant in Canutillo, Texas, at a total price of $3,600,000.00. This sale included the material, supplies, merchandise and inventory at Canutillo, with certain exceptions.

Bergen responded to the motion for summary judgment by freely admitting that it did not comply with the Bulk Transfer Act; asserting that a "bulk transfer" of assets had not occurred when it made the purchase from Rio Grande Steel; and arguing that the word "major" as used in the act required a transfer of in excess of fifty percent of the inventory of the enterprise before the act became operative as to a purchaser and that a disputed fact issue existed as to whether or not the transfer of inventory constituted a bulk transfer of a major part of the inventory in question. Attached to the response was a copy of an amendment to the Asset Purchase Agreement which stated that Rio Grande Steel as seller warranted that the inventory being sold in no event exceeded fifteen percent of Rio Grande's total inventory located within the State of Texas and that the said seller understood that this warranty was being relied on by the buyer as the reason for not complying with the bulk sales statute.

The summary judgment was then entered by the trial court decreeing Bergen liable to Verco for the $40,202.55, prejudgment interest of $5,384.43, attorney's fees of $5,000.00 and postjudgment interest at ten percent per annum, plus costs of court.

Bergen's sole point of error asserts trial court error in granting Verco's Motion for Summary Judgment since a genuine issue of material fact existed concerning whether a bulk transfer had occurred.

 The applicable standards for reviewing a motion for summary judgment are the following:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. When a plaintiff moves for summary judgment, it must conclusively prove all of the elements of its cause of action as a matter of law.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589 (Tex.1975). *See also: City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Bergen argues that the movant Verco presented no evidence as to Rio Grande's total assets or inventory nor as to the percentage of inventory represented by Bergen's purchase of the Canutillo facility; therefore, Verco failed to prove as a matter of law that a major part of the materials, supplies, merchandise or other inventory of Rio Grande was transferred to Bergen.

 The Bulk Transfers Chapter of the Texas Business and Commerce Code Annotated (Vernon 1968) was designed primarily to protect a merchant's unsecured creditors from a fraudulent disposition of inventory. *See: Anderson & Clayton Co. v. Earnest*, 610 S.W.2d 846, 848 (Tex.Civ.

App.—Amarillo 1980, no writ); Bulk Transfers Act, sec. 6.101, official comments 2 and 4, *supra.* Nevertheless, in order to invoke the statute's protection and benefits, a plaintiff creditor has the burden of proof to show clearly that the questioned transfer is a "bulk transfer" within the statute's purview. *See: Nichols v. Acers Company,* 415 S.W.2d 683, 689–90 (Tex. Civ.App.—Austin 1967, writ ref'd n.r.e.); 17 Tex.Jur.3d Creditors' Rights and Remedies, sec. 634 at 644, sec. 657 at 669 (1982). The applicable parts of Section 6.102 of the act are as follows:

(a) A "bulk transfer" is any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory (Section 9.109) of an enterprise subject to this chapter.

(b) A transfer of a substantial part of the equipment (Section 9.109) of such an enterprise is a bulk transfer if it is made in connection with a bulk transfer of inventory, but not otherwise.

(c) The enterprises subject to this chapter are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell.

(d) Except as limited by the following section all bulk transfers of goods located within this state are subject to this chapter.

No Texas case has determined what constitutes a transfer of "a major part." Other jurisdictions which have adopted this language have construed "a major part" as meaning a transfer in excess of fifty percent of the aggregate inventory of the transferor's enterprise. E.g., *Martin Marietta Corporation v. New Jersey National Bank,* 505 F.Supp. 946, 950 (D.New Jersey 1981); *Wikelund Wholesale Company, Inc. v. Tile World Factory Tile Warehouse,* 57 Ill.App.3rd 269, 14 Ill.Dec. 743, 744, 372 N.E.2d 1022, 1023 (1978); *National Bank of Royal Oak v. Frydlewicz,* 67 Mich.App. 417, 241 N.W.2d 471, 473–74 (1976); *Zenith Radio Distributing Corporation v. Mateer,* 311 Ill.App. 263, 35 N.E.2d 815, 816 (1941); *In Re Albany Brick Company, Inc.,* 12 U.C.C.Rep.Serv. 165, 166–67 (M.D.—Georgia 1972). For example, in *In Re Albany Brick Company, Inc., supra,* the questioned transfer involved the entire brick inventory at one plant. This amount was compared to the company's inventory total from all of its locations and it was concluded that since less than fifty percent of the enterprise's inventory had been transferred, no bulk transfer had occurred.

In California, the word "substantial" was substituted for the word "major" and as a consequence, one court interpreting that version of the act held a substantial part to be as little as five percent of the value of the inventory; other courts have ruled on different percentages of up to twenty-five percent of value. *See: Danning v. Daylin, Inc.,* 488 F.2d 185 (9th Cir.1973) and cases cited therein.

In this case, after the date set for the summary judgment hearing, but before entry of judgment, Bergen, with leave of the trial court, was permitted to file an additional affidavit together with certain documents. This matter indicated that under the terms of an amendment to the Asset Purchase Agreement that less than fifteen percent of Rio Grande's inventory located within the State of Texas was transferred and at the time of the transfer, Rio Grande was operating at five other locations from which no inventory was purchased.

■ The Plaintiff objects to our consideration of the proof offered that less than fifteen percent of Rio Grande's inventory located within the State of Texas was transferred, as this statement was contained in the amendment to the Assets Purchase Agreement and this amendment was produced by Bergen in an answer to requests for admissions and interrogatories filed by the Plaintiff. The Plaintiff's objection is well taken, as such answers to requests for admissions and interrogatories may not be used by the answering party. They can be used only against the party filing the same. *Griffith v. Pecan Plantation Owners Association, Inc.,* 667 S.W.2d

626 (Tex.App.—Fort Worth 1984, no writ). Regardless, summary judgment proof still exists that at the time of the transfer, Rio Grande was operating at five other locations from which no inventory was purchased.

But what the above does point out is that the Plaintiff has failed in its own proof that "a major part" of all of Rio Grande's materials, supplies, merchandise or other inventory of the enterprise was transferred. There was no summary judgment proof offered as to the total inventory of Rio Grande nor what percent of that total inventory either qualitatively or quantitatively, was presented by Bergen's purchase. There must be a comparison made between this purchase and the total that Rio Grande had on hand before it can be established that "a major part" was transferred.

The summary judgment is reversed and the cause is remanded for trial.