OPINION
WARD, Justice.
This is an appeal from a conviction for theft of property having a value greater than $750.00, but less than $20,000.00. A jury found the Appellant guilty and assessed punishment at two years imprisonment and a fine of $200.00. We reverse and remand.
Appellant’s Ground of Error No. One contends that the evidence is insufficient to sustain a conviction. Our disposition of this ground disposes of the case.
Manuel Hernandez loaned the Appellant his 1983 GMC pickup on December 24, 1983, in El Paso. Hernandez had purchased the truck a year before for $1,500.00, had put in a new motor for $500.00, and had spent $150.00 for new tires. The Appellant had previously worked for Hernandez and had borrowed the truck so that he could perform a painting job on his own, and he agreed to return the truck to Hernandez on December 27. The Appellant failed to return the truck, and Hernandez was unable to locate either the truck or the Appellant. He reported the matter to the police. In the middle of February, he received a letter from a local wrecker service yard that they had the truck, and he later determined that the truck had been at the yard for two or three weeks and that it had been picked up in El Paso. The vehicle had been stripped of its battery, alternator, jack, some tools and a spare tire. Hernandez testified that the value of the missing parts and tools was $150.00, that he fixed up the truck, and a month later he sold it for $1,000.00.
Under the State’s theory in this case, the State was required to show that a person unlawfully appropriated property with intent to deprive the owner of the property. Tex.Penal Code Ann. sec. 31.03. To “appropriate” is statutorily defined as: “to acquire or otherwise exercise control over property other than real property.” Section 31.01(5)(B). Appropriation of property is unlawful if it is without the owner’s effective consent. Section 31.03(b)(1). “Deprive” is statutorily defined as: “to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoy *151 ment of the property is lost to the owner.” Section 31.01(3)(A). Wilson v. State, 671 S.W.2d 120 (Tex.App., 1st Dist.1984, PDRR).
The State contends that it did not have to prove that the Appellant intended to permanently deprive Hernandez of the truck. Although this contention is correct, the State must still establish that the Appellant intended to deprive the owner of possession of the truck. One of the ways that this can be accomplished is to withhold the property permanently or for so long that the owner loses a greater part of its value or enjoyment. The State has failed to prove such a loss. Hernandez was only deprived of his vehicle for about six weeks at the most, and his financial loss was only $150.00. The State has failed to prove that a major portion of the value of the truck or the enjoyment of the property was lost to the owner. See: Bergen, Johnson and Olson v. Verco Manufacturing Company, 690 S.W.2d 115 (Tex.App., 8th Dist.1985, writ ref’d n.r.e.). Under Section 31.-01(3)(C), “deprive” can also be accomplished by disposing of property in a manner that makes recovery of the property by the owner unlikely. The State offered no proof on this theory. No one testified as to the circumstances surrounding the recovery of the truck by the wrecker service. We sustain Ground of Error No. One.
The judgment of the trial court is reversed and ordered remanded for the entry of a judgment of acquittal under the authority of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).