**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Appellant,**

v.

**Honorable Jack HUNTER, Judge, 94th District Court of Nueces County, Texas, Appellee.**

**No. 13–87–447–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1987.

Michael R. Knox, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

Van Huseman, White, Huseman, Pletcher & Powers, Corpus Christi, for appellee.

Before KENNEDY, UTTER and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

This is an original proceeding in which National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), the defendant below and the relator herein, has petitioned this court for a writ of mandamus ordering the 94th Judicial District Court of Nueces County to set aside an order holding that certain documents are not exempt from discovery. We deny the application for a writ of mandamus.

The plaintiffs below, Valero Energy Corporation and Saber Energy, Inc. ("Valero"), filed suit against National Union on a policy issued by it insuring one of Valero's projects. In the course of pre-trial discovery, Valero filed its second set of interrogatories, requests for production and requests for admissions. In response, National Union objected to certain of the discovery requests on a number of grounds, including the attorney-client privilege. Valero responded by filing a motion to compel.

The hearing on the motion to compel on September 23, 1987, reveals that the parties had reached an agreement as to all matters of discovery sought except the documents upon which the present action is based. The parties clearly agreed to submit the documents to the court for an *in camera* inspection, though Valero claims that its assent was implicitly conditioned on the proper motion for protective orders and request for a hearing having been filed by National Union. At the September 23rd

hearing upon counsel for National Union's offer to "accomodate the Court as best I can" the trial court responded that "my in camera inspection is I'm going to back in and I'm going to come back out and I'm going to have a hearing right then." Further responding to questions about the documents, the trial court stated, "Get those items and we can have that hearing in conformity—to be frank with you, I'll make that decision," and "See what you can get and we'll have a hearing after." In a letter dated October 8, 1987, signed by counsel for National Union and referring to the cause number and style of the case below, National Union submitted the documents to the trial court with an explanation of their groupings, the privileges claimed, brief argument, and the following request: "The enclosed documents are being submitted for in camera inspection. Although not reflected in the agreed order, counsel for plaintiff and I agreed that these documents would be presented to the court for determination on the assertion of privilege." A copy of the letter was apparently sent to counsel for Valero.

At docket call on October 12, 1987, the trial court announced with regard to the documents at issue that, "We may want to take up those matters now because quite frankly, why put off what we can do today ... so I'm going to make a decision and you can do whatever you need to." The matters at issue were then verbally argued to the court by both sides without affidavits or other evidence to support or attack the claimed privileges. The court then ordered that the documents be produced. Counsel for National Union objected on the grounds that the documents themselves were the best evidence of their privileged nature and that no notice was given by the court that it would take the matter into consideration at docket call. National Union requested a rehearing to give it time to secure other evidence to present to the court. The court overruled the objections and noted that it assumed when the documents were delivered that the parties were ready to go forward. In its order of October 20, 1987, the court made conclusions of law that: "1. Defendant failed to file a formal motion for protection.... 3. The documents submitted by Defendant for in camera inspection manifested no privilege on their face."

National Union subsequently has petitioned this court to issue a writ of mandamus ordering the trial court to set aside its order of October, 20, 1987, on the grounds that the documents did manifest privilege. Valero defends the actions of the trial court on the ground that National Union failed to follow the proper procedure to protect any privilege it might have had.

The correct procedure to protect privileged documents from discovery was set forth in *Peeples v. The Honorable Fourth Judicial District*, 701 S.W.2d 635, 637 (Tex.1985) ("Peeples") (emphasis added), as follows:

> We hold that any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to *specifically plead* the particular privilege or immunity claimed and to *request a hearing* on his motion.... Failure to follow the above procedure constitutes a waiver of any complaint of the trial court's action.

*See also Garcia v. Peeples*, 734 S.W.2d 343 (Tex.1987); *Medical Protective Co. v. Glanz*, 721 S.W.2d 382 (Tex.App.—Corpus Christi 1986, writ ref'd). In the present case, National Union has failed both to specifically plead its claim of privilege and to request a hearing thereon.

The two documents on which National Union relies to establish its specific plea are its answers to Valero's requests for production and its transmittal letter to the court by which the matters in question were submitted. National Union claims that, since *Peeples* does not specifically say that the plea must be by motion, it is sufficient if the privilege is claimed in a written response to requests for production. However, the language of *Peeples* indicates that a motion is required; stating that the party must "request a hearing on his *motion*," implies that the party must have previously filed a motion in which he *specifically pled* the privilege claimed. Moreover, the courts have held that

"[a]nswers to requests for admissions and interrogatories may not be used by the answering party. They can be used only against the party filing the same." *Bergen, Johnson and Olson v. Verco Manufacturing Co.*, 690 S.W.2d 115, 118 (Tex. App.—El Paso 1985, writ ref'd n.r.e.). Answers to a party's requests are ancillary to the requests themselves and are for the sole use of the party making that request. As such, they should not be used as a vehicle for the answering party to communicate his own requests for protection to the court.

 As for the transmittal letter, Tex.R. Civ.P. 21 requires that "[a]n application to the court for an order ... shall be made in writing, shall state the grounds therefor, shall set forth the relief or order sought, and shall be filed and noted on the docket." While we acknowledge the principle that the nature of a motion should be determined by looking to its substance rather than its form or title, *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.1980); *English v. Fischer*, 632 S.W.2d 163, 164 (Tex.App.—Corpus Christi 1982, no writ), we must also look to the overriding requirement that a pleading must give fair and adequate notice of the claim the pleader is making. *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982). The transmittal letter in question does not resemble the type of motion contemplated by *Peeples* for the following reasons: it is clearly informal or not in the form commonly expected of legal communications to the court; it has not merely the wrong caption but no caption at all to put the reader on notice that it is intended as a motion; it has no formal prayer or even a definite request for relief from the court; and it does not request a hearing, even though such a request would certainly be expected in a *Peeples* motion. The combination of these informalities is sufficient for us to say that this letter did not give the opposing party or the court fair and adequate notice that a motion was intended or that judicial relief was thereby being requested.

Even assuming that National Union had correctly filed a motion for protective orders, it did not follow up on that motion by requesting a hearing thereon. It is National Union's contention that the trial court, in effect, suspended the *Peeples* requirement that a hearing be requested by intimating, before such a request had been made, that the court would have a hearing on the matter. A trial court cannot suspend the rules of court handed down to it by a higher court. In *Missouri Pacific Railroad Co. v. Cross*, 501 S.W.2d 868, 872–73 (Tex.1973), where the trial court and the parties agreed to suspend objections to the charge until after it had been read to the jury, the Supreme Court of Texas held that rules of procedure "are not to be ignored by agreements of courts and counsel to operate contrary thereto and in violation thereof." A review of the law in this area in general reveals that it is commonly accepted that rules of court should be adhered to both by parties litigant and the court and that the court has no power in a particular case, where no discretion is reserved, to suspend or modify any rule. 21 C.J.S. *Courts* § 178 (1940).

The application for a writ of mandamus is denied.