**UNITED MARKETING TECHNOLOGY, INC., Appellant,**

v.

**FIRST USA MERCHANT SERVICES, INC., and First USA, Inc., Appellees.**

No. 05–90–00812–CV.

Court of Appeals of Texas, Dallas.

May 31, 1991.

Rehearing Denied July 15, 1991.

Douglas W. Brady, Dallas, for appellant.

Joseph O. Collins, Jr., Scott D. Weber, Dallas, for appellees.

Before WHITHAM, KINKEADE and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

United Marketing Technology, Inc. appeals a judgment in favor of First USA Merchant Services, Inc. and First USA, Inc. (collectively First USA) in this restraint of trade action. In four points of error, United Marketing contends that the trial court erred when it (1) struck United Marketing's second amended petition, (2) found that First USA's motion for summary judgment addressed and disposed of all causes of action contained in United Marketing's first amended petition, (3) granted First USA's motion for summary judgment, and (4) found First USA not negligent in the performance of its contractual duties. Because the trial court erred when it (1) struck United Marketing's second amended petition, we reverse the trial court's judgment and remand this cause for further proceedings.

## PROCEDURAL HISTORY

On April 24, 1987, United Marketing, a telemarketing company and merchant customer of Sunbelt Savings Association, filed suit against Sunbelt after Sunbelt froze United Marketing's merchant checking account. United Marketing's original petition alleged several causes of action against Sunbelt including (1) breach of contract, (2) restraint of trade, and (3) negligence. United Marketing amended its original petition on June 7, 1988, to add First USA as defendants. Sunbelt contracted with First USA to process the credit card sales slips of Sunbelt's merchant customers including United Marketing.

First USA and Sunbelt moved for summary judgment on January 24, 1990, and the trial court set their motion for a hearing on March 13, 1990. Eleven days before the summary judgment hearing, United Marketing filed its second amended petition. United Marketing's second amended petition alleged several causes of action against Sunbelt and First USA including (1) business disparagement, (2) tortious interference with contract, (3) deceptive trade practices, and (4) breach of the duty of

good faith and fair dealing. Sunbelt was later dismissed from the suit.

On March 6, 1990, United Marketing filed its response to First USA's motion for summary judgment. First USA countered by filing its motion to strike United Marketing's second amended petition. First USA's motion to strike alleged that United Marketing filed its second amended petition less than fourteen days prior to the summary judgment hearing set for March 13, 1990, in violation of rule 1.9(a) of the Dallas Civil District Court Rules. The trial court held a hearing on First USA's motion for summary judgment and motion to strike United Marketing's second amended petition on March 13, 1990. Ten days later, the trial court granted both motions.

## AMENDMENT OF PLEADINGS

In its first point of error, United Marketing contends that the trial court erred in striking its second amended petition under rule 1.9(a). United Marketing argues that rule 1.9(a) is inconsistent with rule 63 of the Texas Rules of Civil Procedure, which specifies the appropriate period for amending pleadings and provides in pertinent part:

> Parties may amend their pleadings ... provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX.R.CIV.P. 63.

■■ Rule 63 requires that the parties must file all trial pleadings, except those permitted by rule 66, at least seven days before trial unless leave of court permits a later filing. *See* TEX.R.CIV.P. 63, comment (Vernon Supp.1991). Under rule 63, a party may amend pleadings, but if the amendment is filed within seven days "of the date of trail," leave of court is required. *Carr v. Houston Bus. Forms*, 794 S.W.2d 849, 851 (Tex.App.—Houston [14th Dist.] 1990, no writ); TEX.R.CIV.P. 63. A hearing on a motion for summary judgment is a "trial"

for purposes of filing amended pleadings under rule 63. *Goswami v. Metropolitan Savings & Loan Assn.*, 751 S.W.2d 487, 490 (Tex.1988); *Claude Regis Vargo Enter., Inc. v. Bacarisse*, 578 S.W.2d 524, 529 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The decision to allow the amendment of pleadings within seven days of trial, or later, is within the sound discretion of the trial court. *See Galveston Bay Conservation and Preservation Ass'n v. Texas Air Control Bd.*, 586 S.W.2d 634, 641 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

In this case, the trial court struck United Marketing's second amended petition, filed eleven days before the summary judgment hearing, under rule 1.9(a) of the Dallas Civil District Court Rules. At the time of the summary judgment hearing, rule 1.9(a) provided in pertinent part:

> Except by written agreement of all counsel of record, no amendment to a pleading shall be filed less than fourteen (14) days prior to the date a case is set for trial. Any amended pleading offered for filing within fourteen (14) days of the date of trial shall be considered only as a trial amendment pursuant to rule 66, Texas Rules of Civil Procedure, and shall be filed only after obtaining leave of court, upon motion and notice to all adverse parties.

DALLAS CIVIL DIST.CT.R. 1.9(a).

■ First USA concedes in its brief that rule 1.9(a) of the Dallas Civil District Court Rules, enlarges the time for amending pleadings, without first obtaining leave of court. Rule 63 of the Texas Rules of Civil Procedure provides that the parties may amend pleadings, without leave of court, before seven days of trial. *See* TEX. R.CIV.P. 63. Rule 1.9(a) of the Dallas Civil District Court Rules, enlarges the period required for leave of court to file an amended pleading from not less than seven days before trial, as provided in rule 63 of the Texas Rules of Civil Procedure, to not less than fourteen days before trial. *See* DALLAS CIV.DIST.CT.R. 1.9(a); TEX.R.CIV.P. 63.

Rule 3a of the Texas Rules of Civil Procedure specifies that district courts may make and amend local rules which are "not inconsistent" with the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 3a. Rule 1.9(a) of the Dallas Civil District Court Rules is inconsistent with rule 63 of the Texas Rules of Civil Procedure because rule 1.9(a) enlarges the period which requires leave of court to file an amended pleading from seven days to fourteen days before trial. Rule 1.9(a) of the Dallas Civil District Court Rules violates rule 63 of the Texas Rules of Civil Procedure because it expands the time period in which the trial court may exercise its discretion in allowing the amendment of a pleading. Courts and counsel may not by agreement operate contrary to or in violation of the rules, and the court has no power, where no discretion is reserved, to suspend or modify any rule. *National Union Fire Ins. Co. v. Hunter,* 741 S.W.2d 592, 595 (Tex.App.—Austin 1987, writ denied); *see also Texas Utils. Elec. Co. v. Marshall,* 739 S.W.2d 665, 667 (Tex.App.—Dallas 1987, orig. proceeding). Consequently, rule 1.9(a) of the Dallas Civil District Court rules expands the time period in which the trial court may exercise its discretion in allowing the amendment of a pleading, contrary to rule 63 of the Texas Rules of Civil Procedure. We note that after the trial court entered its judgment in this case, the Texas Supreme Court amended rule 3a of the Texas Rules of Civil Procedure by adding a new subpart, which provides that "no time period provided by these Rules may be altered by local rules." TEX.R.CIV.P. 3a(2). Accordingly, rule 1.9(a) of the Dallas Civil District Court Rules was later amended to provide that the parties may amend pleadings, without leave of court, *before seven days of trial.* Because rule 1.9(a) of the Dallas Civil District Court Rules was inconsistent with rule 63 of the Texas Rules of Civil Procedure, at the time of the summary judgment hearing, the trial court improperly struck United Marketing's second amended petition. *See* DALLAS CIV.DIST.CT.R. 1.9(a); TEX.R.CIV.P. 63.

The Texas Rules of Civil Procedure have the same effect as statutes and, while the court should liberally construe them to ensure a fair and equitable adjudication of the rights of the litigants, the court cannot ignore their plain meaning. *HBA East, Ltd. v. TEA Boxing Co.,* 796 S.W.2d 534, 538 (Tex.App.—Houston [1st Dist.] 1990, writ denied), cert. denied, —— U.S. ——, 111 S.Ct. 2828, 115 L.Ed.2d 998 (1991). A trial court cannot suspend the rules of court handed down to it by a higher court. *National Union Fire Ins. Co.,* 741 S.W.2d at 595. This Court may reverse a trial court's judgment for abuse of discretion if it acts arbitrarily, without regard for guiding rules and principles. *See, e.g., Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Because rule 1.9(a), as it existed on March 23, 1990, was inconsistent with and violative of rule 63 of the Texas Rules of Civil Procedure, the trial court erred when it struck United Marketing's second amended petition.

We reverse the trial court's judgment and remand this cause for further proceedings.