**REVERSE AND REMAND; and Opinion Filed April 4, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00323-CV

**ALANI CONSULTING, INC. AND B12 CONSULTING, LLC, Appellants**
**V.**
**ALAN GOERNER, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-01748**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Smith

Alani Consulting, Inc. and B12 Consulting, LLC appeal the trial court's order granting appellee Alan Goerner's no-evidence summary judgment motion. In two issues, appellants contend that the order should be reversed because the trial court abused its discretion, and violated their right to due course of law under the Texas Constitution, in refusing to consider their summary judgment response. In a third issue, appellants assert that the order should be reversed because they presented more than a scintilla of evidence in support of their claims. We

reverse the trial court's summary judgment order and remand for further proceedings consistent with this opinion.

## Background

Alani Consulting is an information technology consulting company; its parent entity, B12 Consulting, is a consulting and technology company. In February 2022, they sued Goerner, a former Alani Consulting employee, alleging that he misappropriated proprietary, confidential information and trade secrets and used the information to solicit Alani Consulting's existing and prospective clients on behalf of Goerner's new employer, UST Global Inc.[1] Appellants asserted causes of action against Goerner for violation of the Texas Uniform Trade Secrets Act, breach of contract (both an employment confidentiality agreement and a mutual nondisclosure agreement), breach of fiduciary duty, conversion and misappropriation, and conspiracy.

On December 2, 2022, Goerner filed a no-evidence motion for summary judgment, challenging elements of each cause of action alleged against him, and the trial court set the motion for hearing on January 5, 2023. The discovery period was ongoing, and appellants took Goerner's deposition on December 15. On December 29, seven days before the scheduled hearing, appellants filed a twenty-five-page

---

[1] Appellants also sued UST Global. UST Global filed a special appearance, which the trial court granted after a period for jurisdictional discovery and a hearing. This Court affirmed the trial court's special appearance order. *See Alani Consulting, Inc. v. UST Global, Inc.*, No. 05-22-01139-CV, 2023 WL 8539773 (Tex. App.—Dallas Dec. 11, 2023, no pet.) (mem. op.).

–2–

response, along with a sixty-page evidentiary appendix, to Goerner's motion. As part of their response, appellants also requested a continuance of the summary judgment hearing so they could obtain outstanding discovery. And, aware that the trial court imposed a twenty-five-page limit on motions, briefs, and appendices, appellants separately filed a motion for leave to file the sixty-page appendix.

On December 30, the trial court rejected appellants' filing because appellants did not obtain a signed order for leave to file the appendix exceeding the twenty-five-page limit. The next business day, January 3, 2023, appellants filed an amended, twenty-five-page appendix.

On January 4, the trial court held the summary judgment hearing.[2] There was no discussion regarding the merits of Goerner's motion. Counsel for appellants explained that they had hoped, but were unable, to get Goerner's agreement on their request for leave to file an appendix in excess of twenty-five pages. Counsel also noted that responding to the motion, which challenged six different claims, with only a twenty-five-page evidentiary appendix had proved impossible. The trial court, however, refused to consider appellants' motion for leave because it had been filed "at the 11th hour" and was not set for hearing in advance of the summary judgment hearing. On January 5, the trial court signed an order granting Goerner's no-evidence summary judgment motion. The order noted that, in ruling on the motion, the trial court considered "the lack of response to the M.S.J."

---

[2] The trial court sua sponte moved the summary judgment hearing from January 5 to January 4.

–3–

On January 6, appellants filed a motion for reconsideration, requesting that the trial court vacate the summary judgment order and consider its response and appendix, asserting the documents, along with their motion for leave to file an appendix in excess of twenty-five pages, were timely filed. On February 3, appellants filed a motion for new trial, arguing that the page-limit rule was not effective because it did not comply with Texas Rule of Civil Procedure 3a and enforcing the rule, notwithstanding appellants' diligent and good-faith efforts to comply, violated appellants' right to due course of law under the Texas Constitution. The trial court denied the motion for reconsideration following a hearing, and the motion for new trial was denied by operation of law. This appeal followed.

**Rejection of Summary Judgment Response and Appendix**

In their first issue, appellants assert that the trial court abused its discretion in refusing to consider their summary judgment response and evidentiary appendix because the page-limit rule, found in a general order signed by the Dallas County Civil District Courts and a "Policies and Procedures" document posted on the trial court's website, was not in effect. Goerner responds that the trial court properly granted his motion because appellants failed to timely place a responsive pleading before the trial court prior to the summary judgment hearing.

A trial court has broad discretion in managing its docket, and we do not interfere with its exercise of that discretion absent a showing of clear abuse. *Bagwell v. Ridge at Alta Vista Invs. I, LLC*, 440 S.W.3d 287, 292 (Tex. App.—Dallas 2014,

–4–

pet. denied); *see, e.g.*, *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 297–98 (Tex. App.—Dallas 2009, no pet.) (applying abuse of discretion standard to review trial court's invocation of local rule to strike summary judgment response and appendix). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Bagwell*, 440 S.W.3d at 292 (citing *Gunn v. Fuqua*, 397 S.W.3d 358, 377 (Tex. App.—Dallas 2013, pet. denied)).

The Supreme Court of Texas, which has "full rulemaking power in the practice and procedure in civil actions," *see* TEX. GOV'T CODE ANN. § 22.004, adopted the Texas Rules of Civil Procedure to govern procedure in justice, county, and district court civil actions. *See* TEX. R. CIV. P. 2, 814. The rules have the same force and effect as statutes, *In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001), and we may not ignore their plain meaning. *United Mktg. Tech., Inc. v. First USA Merch. Serv., Inc.*, 812 S.W.2d 608, 611 (Tex. App.—Dallas 1991, writ denied).

Texas Rule of Civil Procedure 3a permits trial courts and administrative judicial regions to make and amend local rules governing practice before the courts. *See* TEX. R. CIV. P. 3a(a). As it existed at the time this suit was filed and when the trial court rejected appellants' summary judgment filing, rule 3a required that a proposed local rule or amendment be submitted to and approved by the Supreme

Court in order to become effective. TEX. R. CIV. P. 3a(3), 785–86 S.W.2d xxxi, xxxvi (Tex. April 24, 1990, amended 2022).[3]

A party may file and serve a response and opposing affidavits to a summary judgment motion not later than seven days before the hearing on the motion. *See* TEX. RS. CIV. P. 166a(c)–(d), 21a. Appellants' response and evidentiary appendix were timely filed and complied with the requirements of the Texas Rules of Civil Procedure. Neither those rules nor the Local Rules of the Civil Courts of Dallas County, which were approved by the Supreme Court on January 15, 2014,[4] impose a page limit applicable to summary judgment filings. The trial court, however, rejected appellants' summary judgment response and evidentiary appendix because the appendix exceeded twenty-five pages in violation of a page-limit rule found in a general order signed by the Dallas County Civil District Courts and in the trial court's policies and procedures.

The general order provides:

[n]o Motion or Brief filed with the Court may exceed 25 one-sided pages in length. Only one appendix, also limited to 25 one-sided pages in length may be filed supporting any Motion or Brief. . . .

---

[3] Rule 3a was amended in 2022. Effective January 1, 2023, it requires that a local rule, instead of being approved by the Supreme Court, must be published on the Office of Court Administration's website to be effective. TEX. R. CIV. P. 3a(c); *see Final Approval of Amendments to Rule 3a of the Texas Rules of Civil Procedure, Rule 1.2 of the Texas Rules of Appellate Procedure, and Rule 10 of the Texas Rules of Judicial Administration*, Misc. Docket No. 22–9081 (Tex. Sept. 23, 2022, eff. Jan. 1, 2023).

[4] The local rules are published on both the Dallas County District Clerk website and the Office of Court Administration website. *See* Local Rules of the Civil Courts of Dallas County, https://www.dallascounty.org/Assets/uploads/docs/district-clerk/Local-Rules-for-Civil-District-Courts-With-Appendixes-Included.pdf; Local Rules for Civil Courts of Dallas County, https://topics.txcourts.gov/LocalRulesPublic/PreviewAttachment/1203.

Permission to file a brief in excess of these page limitations may be granted by the Presiding Judge of any particular Court upon a showing of compelling reasons.[5]

The general order does not appear on the Dallas County District Clerk's website, where the local rules are published. Instead, it is available through a link labeled "Amended Local Rule" on the trial court's website and, as of October 7, 2023, it was posted on the Office of Court Administration's website. The text of the general order also is incorporated verbatim in a document posted on the trial court's website through a link labeled "Policies and Procedures."[6]

Under the plain meaning of rule 3a as it applied to this case, the page-limit rule relied upon by the trial court when it rejected appellants' summary judgment response and appendix was not in effect because the Supreme Court had not approved either the general order or the trial court's "Policies and Procedures" document. Therefore, we conclude that the court abused its discretion in rejecting, and not considering, appellants' filing. *See, e.g.*, *In re El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 146, 152, 156 (Tex. App.—El Paso 2005, orig. proceeding) (trial court abused discretion by ordering party to retain local counsel when, among other

---

[5]     Dallas County Civil District Courts General Order (April 6, 2020), https://www.dallascounty.org/Assets/uploads/docs/courts/civil-district/14/Amended-Local-Rule.pdf; Local Rules, Forms and Standing Orders, Office of Court Administration, https://topics.txcourts.gov/LocalRulesPublic/CourtDetailsForDocument/1633.

[6]     *See* Policies and Procedures, 14th Judicial District Court, https://www.dallascounty.org/Assets/uploads/docs/courts/civil-district/14/Court-instructions-20220707.pdf.

reasons, the order was not supported by any published local rule that had been approved by supreme court); *cf. Esty*, 298 S.W.3d at 297–98 (trial court abused discretion by invoking local rule to strike response and appendix and using local rule to adjudicate summary judgment); *United Mktg. Tech.*, 812 S.W.2d at 611 (trial court abused its discretion by allowing local rule to change time for filing amended pleadings in manner inconsistent with rule 63).

We further conclude that the trial court's error was harmful. Because the trial court improperly rejected appellants' filing (and found a "lack of response to the M.S.J."), the summary judgment record is incomplete for our consideration of whether appellants presented more than a scintilla of evidence in support of their claims.[7] Accordingly, the trial court's error prevented appellants from properly presenting the case to this Court. *See* TEX. R. APP. P. 44.1(a).

Goerner, for the first time in oral argument, asserted that appellants waived their complaint by raising it only in their motion for new trial. We disagree. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaining party made a timely, sufficiently specific request, objection or motion in the trial court and the court ruled on it or refused to do so. *See* TEX. R. APP. P. 33.1(a). "In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a

---

[7] We note too that Goerner had no opportunity to lodge objections, if any, to appellants' summary judgment evidence.

complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court." *Id.* 33.1(b).  Here, determining whether a local rule was effective was a question of law that did not require the trial court to take further evidence.  *See In re Siemens Corp.*, 153 S.W.3d 694, 698–99 (Tex. App.—Dallas 2005, orig. proceeding).  Accordingly, we conclude that appellants, by raising the error in the motion for new trial, sufficiently presented the trial court an opportunity to correct it and, in this case, preserved their complaint for our review.

We sustain appellants' first issue.  Having concluded that the trial court abused its discretion in rejecting and not considering appellants' summary judgment response and appendix, we need not consider appellants' second issue regarding whether their right to due course of law under the Texas Constitution was violated. And, because appellants' response was not accepted for filing and considered in the trial court, we do not reach appellants' third issue regarding the merits of Goerner's no-evidence summary judgment motion.  We remand this case to the trial court for filing of the summary judgment response and evidentiary appendix tendered to the trial court on December 29, 2022, and the trial court's consideration of the merits of Goerner's no-evidence summary judgment motion.  *See* TEX. R. APP. P. 43.2(d).

## Conclusion

We reverse the trial court's order granting Goerner's no-evidence motion for summary judgment.  We remand this case to the trial court for further proceedings consistent with this opinion.


        /Craig Smith/
        CRAIG SMITH
230323F.P05        JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALANI CONSULTING, INC. AND
B12 CONSULTING, LLC.,
Appellants

No. 05-23-00323-CV     V.

ALAN GOERNER, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-01748.
Opinion delivered by Justice Smith.
Justices Partida-Kipness and Nowell
participating.

In accordance with this Court's opinion of this date, the trial court's January 5, 2023, summary judgment order is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 4th day of April 2024.