**Oscar GONZALEZ and Frank Coronado, Relators,**

v.

**Honorable Stephen B. ABLES, Respondent.**

No. 04–97–00278–CV.

Court of Appeals of Texas, San Antonio.

April 16, 1997.

Judith Sanders-Castro, Mendelsohn & Jackson, San Antonio, Robert Garza, Del Rio, James C. Harrington, Texas Civil Rights Project, Austin, for relators.

Richard F. Gutierrez, Del Rio, for respondent.

Before GREEN, DUNCAN and ANGELINI, JJ.

PER CURIAM.

Relators seek an order directing Judge Ables to disqualify himself from the two pending cases, and prohibiting him from taking further action in their cases, and have requested expedited consideration of the matter by this court. Because these cases are set for trial on April 21, 1997, we have given expedited consideration to this matter. However, we deny leave to file the petition for the reasons set out in this opinion.

**Factual Background**

The underlying cases contest the results of a general election held in November 1996 for the positions of County Sheriff and County Commissioner of Val Verde County. The county is within the jurisdiction of the 63rd Judicial District Court. TEX.GOV'T CODE ANN. § 24.165 (Vernon 1988). However, the presiding judge of the 63rd Judicial District Court, the Honorable George M. Thurmond, is statutorily disqualified from hearing the contests. TEX.ELEC.CODE ANN. § 231.004(a) (Vernon 1986).

The Honorable Stephen B. Ables is presiding judge of the 216th Judicial District, comprising Bandera, Gillespie, Kendall and Kerr counties, Tex.Gov't Code Ann. § 24.275 (Vernon 1988), and is also the presiding judge of the Sixth Administrative Judicial Region, which includes Val Verde County. Tex.Gov't Code Ann. § 74.042(g) (Vernon 1988).

Acting in his capacity as administrative judge, Judge Ables twice appointed visiting judges to preside over the underlying cases. Tex.Gov't Code Ann. § 74.054 (Vernon 1988). However, each of the assigned judges was objected to by a party to the suit, and each was disqualified. See Tex.Gov't Code Ann. § 74.053 (Vernon 1988). Judge Ables then notified the parties that he would be trying the case, and a pre-trial hearing was scheduled for April 4, 1997.

The relators then objected to Judge Ables, alleging that he was also disqualified from serving pursuant to their timely objection under section 74.053(a). Judge Ables overruled these objections. In announcing his ruling, Judge Ables stated, "Judge Thurmond and I have the inherent authority, under the Constitution, to exchange benches, since we are both elected Judges, and we are doing so."

## Discussion

We hold that Chapter 74 of the Government Code is not applicable under the facts of this case. Article V, section 11 of the Texas Constitution provides in relevant part: "the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." Tex.Const. art. V, § 11. See Savage v. Umphres, 62 Tex.Civ.App. 209, 131 S.W. 291, 292 (1910). When judges exchange districts or hold court for each other, Section 74.053 of the Government Code does not apply. See First Heights Bank, FSB v. Gutierrez, 852 S.W.2d 596, 621 (Tex.App.— Corpus Christi 1993, writ denied).

This election contest has been pending for nearly six months; the parties are entitled to have it determined by a fair and competent court. However, the parties do not have an unlimited right to have the matter decided before a judge of their choosing. Starnes v. Holloway, 779 S.W.2d 86, 97 (Tex.App.—

Dallas 1989, writ denied). Judge Ables, by stating his decision on the record, has done more than the law requires. See European Crossroads' Shopping Center, Ltd. v. Criswell, 910 S.W.2d 45, 51 (Tex.App.—Dallas 1995, writ denied) (exchange or transfer does not require formal order).

## Conclusion

Since the right to object to assignment of a judge under Chapter 74 of the Government Code does not apply when judges exchange benches pursuant to Article V section 11 of the Texas Constitution, the sole ground of Relators' motion for leave to file petition for writ of mandamus and/or prohibition is without merit, and we deny the motion.