### In re CITY OF WHARTON, Relator.

No. 14–98–00153–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 16, 1998.

Benjamin L. Hall, III, Elizabeth B. Hawkins, Sheryl Andrea Scott, Houston, for relator.

Macey Reasoner Stokes, Edward F. Fernandes, Diana A. Marshall, Michael M. Wilson, Houston, for respondents.

Before LEE, ANDERSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

Relator seeks a writ of mandamus ordering respondent to disqualify himself from presiding over the underlying lawsuit because relator filed a timely objection to respondent's assignment pursuant to section 74.053 of the Texas Government Code. We conditionally grant the writ.

## Background

The underlying case is a class action brought in the 127th District Court of Harris County by relator, the City of Wharton, and other Texas cities against the real parties in interest, Houston Lighting & Power Company and Houston Industries Finance, Inc., for unpaid fees under certain franchise agreements. On September 29, 1997, the Honorable Sharolyn Wood, Judge of the 127th District Court, voluntarily recused herself from the case. On January 27, 1998, the Honorable Olen Underwood, Presiding Judge of the Second Administrative Judicial Region, assigned respondent, the Honorable Mark Davidson, Judge of the 11th District Court of Harris County, to the 127th District Court to hear the above case (the "assignment"). The assignment order states that it is "pursuant to section 74.056 [of the] Texas Government Code." [1] That same day, the Honorable Scott Brister, Administrative Judge of the Civil Division of the Harris County District Courts, transferred the case [2] to the 11th District Court of Harris County, where respondent is the duly elected judge (the "transfer"). The transfer order states it is "pursuant to [the] order of the Presiding Judge of the Second Administrative Region."

On February 2, 1998, prior to any hearing before respondent, relator filed an objection to respondent's assignment pursuant to section 74.053 of the Texas Government Code and a motion to recuse respondent on other grounds. On February 3, Judge Brister signed an amended transfer order deleting the reference to the order of the Presiding Judge. That same day, respondent signed an order declining to recuse himself and

---

1. *See* TEX. GOV'T CODE ANN. § 74.056(a) (Vernon 1988) ("a presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business."); *id.* § 74.054(a)(1) (judges who may be assigned by the presiding judge under Chapter 74 of the Government Code include regular district court judges).

2. In Harris County, any case may be transferred from one civil district court to another by written order of the Administrative Judge of the Civil Trial Division. *See* HOUSTON (TEX.) CIV. DIST. CT. LOC. R. 3.2.5; *see also* TEX. GOV'T CODE ANN. § 74.093 (Vernon 1988) (the district court judges in each county shall adopt local rules of administration providing for, among other things, transfer of cases); *id.* § 74.092(1) (a local administrative judge shall implement and execute the local rules of administration, including the transfer of cases).

referring the case to Judge Underwood to appoint a judge to hear the recusal motion. On February 10, relator filed this petition for a writ of mandamus ordering respondent to disqualify himself in this matter. Relator also requested an emergency stay of respondent's order referring relator's recusal motion to the Judge Underwood. After originally denying the petition, we granted relator's emergency motion for rehearing and emergency relief and set the petition for oral argument.

## Standard of Review

Mandamus is available to compel a judge's mandatory disqualification upon a proper objection without a showing that the relator lacks an adequate remedy by appeal. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997).[3] When a judge is assigned to a civil case under Chapter 74 of the Texas Government Code, and a party files an objection to that assignment before the first hearing or trial over which the assigned judge is to preside, the assigned judge shall not hear the case. *See* TEX. GOV'T CODE ANN. § 74.053(a)-(c) (Vernon Supp. 1998).[4]

## Availability of Objection

In this case, the parties agree that the assignment of respondent to the 127th District Court was an assignment that came within section 74.053(b),[5] and that, without the further transfer of the case from the 127th District Court to the 11th District Court, relator's objection would have been effective to disqualify respondent. However, real parties in interest argue that, because Judge Brister had the authority to transfer the case to another court independently of the assignment, because the transfer was not necessary to effectuate the assignment, and because the purpose of section 74.053(b) is to allow a party to object to a judge sitting in a court other than his own, the transfer should be treated as an independent action which superseded the assignment and removed any right to object to it. Real parties in interest further assert that: (1) the assignment to which section 74.053 applied in this case was that of respondent to the 127th District Court; (2) once the case was transferred to the 11th District Court, respondent was no longer assigned to the 127th District Court for purposes of this case; and (3) therefore, there was no longer any assignment of him to which relator could object under section 74.053.[6]

Neither party has cited, nor have we found, any case addressing whether a section 74.053 objection may still be made to the assignment of a judge after the case is transferred to the assigned judge's court. Section 74.053 unequivocally states that when a judge

---

**3.** *See also In re Union Pac. Resources Co.*, 969 S.W.2d 427, 428 (1998). Similarly, when a timely filed objection to an assigned judge is improperly overruled, the judge's subsequent orders are void and the objecting party is entitled to mandamus relief to have them withdrawn. *See Dunn v. Street*, 938 S.W.2d 33, 35 (Tex.1997). In this case, relator requested that respondent's February 3 order be stayed but not that it be withdrawn.

**4.** Section 74.053 provides:

(a) *When a judge is assigned under this chapter* the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) *If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case.* Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) *An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.*

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 74.053 (Vernon Supp. 1998) (emphasis added).

**5.** *See Ramey v. Littlejohn*, 803 S.W.2d 872, 873 (Tex.App.—Corpus Christi 1991, no writ) (holding that section 74.053(b) applies to assignments of local elected judges).

**6.** By its terms, section 74.053(b) allows an objection to an assignment of a judge under Chapter 74, but not to an action which is not such an assignment, such as a transfer of a case from one district court to another. *See* TEX. GOV'T CODE ANN. § 74.053(a), (b). In this case, relator objected to the assignment, not the transfer.

is assigned under Chapter 74, and a party timely objects to that assignment, that judge shall not hear the case. *See id.* § 74.053(a), (b). Moreover, where a Chapter 74 assignment is made, section 74.053 provides no exceptions to the availability of this objection nor any means to cut it off or override it, unless a party fails to timely assert it. *See id.* § 74.053. Therefore, applying section 74.053 literally, the facts that respondent was assigned under Chapter 74 and that relator timely objected to that assignment dictate that respondent not hear the case.

Regardless whether a different result might be reached if the assignment had not still been pending at the time of the transfer,[7] or if the transfer had been made to a different judge than whom the assignment was made,[8] neither is what occurred in this case. Rather, the most essential effect of the assignment was that respondent would preside over the case. The transfer did not alter respondent's authority to do so[9] or otherwise change the fundamental effect of assignment, but merely facilitated that effect by enabling respondent to hear the case in his own court rather than the 127th District Court. Under these circumstances, to pretend that respondent's presiding over the case was the result of the transfer rather than the assignment, or that the transfer had an overriding effect on the assignment, would greatly elevate form over substance.[10]

We therefore hold that the transfer of the case to respondent's court did not supersede the assignment for purposes of section 74.053 and that respondent abused his discretion by not sustaining relator's objection to his assignment under that section. Accordingly, we conditionally grant relator's petition for writ of mandamus and instruct the clerk to issue it only if respondent fails to disqualify himself from the case.

---

7. *See First Heights Bank, FSB v. Gutierrez,* 852 S.W.2d 596, 621–22 (Tex.App.—Corpus Christi 1993, writ denied) (holding that, after original judge recused himself and assigned judge was disqualified by section 74.053 objection, another local district judge was authorized to transfer the case to his own court for trial).

8. *See Starnes v. Holloway,* 779 S.W.2d 86, 93 (Tex.App.—Dallas 1989, writ denied) (rejecting argument that, following assignment of retired judge by presiding judge, case could not be transferred to the court of another judge).

9. *See* Tex. Gov't Code Ann. § 74.059(a) (Vernon 1988) ("A judge assigned under the provisions of this chapter has all the powers of the judge of the court to which he is assigned.").

10. As a practical matter, this result would also largely circumvent the right to object to assignments of local elected judges. Such an abrogation of that statutory right should be decided by the Legislature, not the courts.