In re HOUSTON LIGHTING & POWER
COMPANY and Houston Industries
Finance Company, Inc., Relators.

No. 98–0366.

Supreme Court of Texas.

Aug. 25, 1998.

B. Daryl Bristow, Diana E. Marshall, Macy Reasoner Stokes, Houston, for Relators.

John M. O'Quinn, Sheryl A. Scott, Hope E. Hammill–Reh, Jennifer Bruch Hogan, Houston, for Respondent.

PER CURIAM.

The issue in this mandamus proceeding is whether a district court judge abused his discretion by declining to disqualify himself from a case that was transferred to his court.

On January 27, 1998, Judge Mark Davidson was assigned to the 127th District Court on the condition that he hear the underlying case. The same day the case was transferred from the 127th District Court to the 11th District Court, where Judge Davidson is the duly elected judge. The real party in interest, the City of Wharton, objected to Judge Davidson's assignment under Section 74.053 of the Texas Government Code. The court of appeals granted mandamus compelling Judge Davidson to disqualify himself. *See In re City of Wharton*, 966 S.W.2d 855 (Tex.App.—Houston 1998). We hold that the transfer moots the City of Wharton's objection to the assignment. Accordingly, we conditionally grant mandamus relief directing the court of appeals to withdraw its writ.

I

The City of Wharton is one of the representative parties of a class action against relators Houston Lighting & Power Company ("HL & P") and Houston Industries Finance Co. seeking to recover allegedly underpaid franchise fees owed to more than eighty Texas cities. The events giving rise to this mandamus proceeding began when Judge Sharolyn Wood of the 127th District Court voluntarily recused herself from the case. During the next four months Judge Olen Underwood, presiding judge of the second administrative judicial region, assigned four different judges in succession to the 127th District Court on the condition that each assigned judge hear the case. One or another of the parties[1] lodged a section 74.053 objection to each of these assignments.

The Section 74.053 objections automatically disqualified the first three assigned judges. Unlike Judge Underwood's first three assignments, however, his fourth assignment coincided with Judge Scott Brister's transfer of the underlying case from the 127th District Court to Judge Davidson's own court.[2] Because Judge Davidson re-

---

1. The City of Galveston, one of the representative parties in the class action, objected to the first assigned judge. Relator Houston Industries Finance Co. objected to the second assigned judge. Relator HL & P objected to the third assigned judge. The City of Wharton objected to the fourth assigned judge, Judge Davidson.

2. Judge Brister is the administrative judge of the Civil Trial Division of the Harris County District Courts.

garded the transfer as nullifying his coincidental assignment to the 127th District Court, he declined to disqualify himself.

The City of Wharton filed a petition for writ of mandamus with the court of appeals requesting an order for Judge Davidson to disqualify himself. The court of appeals originally denied the petition but on rehearing conditionally granted the mandamus. The court of appeals held that the transfer of the case to Judge Davidson's court "merely facilitated [the assignment] by enabling [Judge Davidson] to hear the case in his own court rather than the 127th District Court." 966 S.W.2d at 858. Accordingly, the court held that the transfer did not overcome the City of Wharton's ability to force Judge Davidson to disqualify himself because of the City's Section 74.053 objection. *Id.* at 858.

## II

When we review a grant of a writ of mandamus by a court of appeals, we focus our inquiry on whether the trial court abused its discretion.[3] This Court "must ... grant the mandamus and direct the court of appeals to vacate its judgment if there is some basis in reason and law for the order of the trial court."[4]

Section 74.053 allows a party in a civil case to timely object to the regional presiding judge's assignment of a judge to a court. The objection, which may be made without cause or reason, automatically disqualifies the assigned judge. Unless the assigned judge is a non-retired former judge, "each party to the case is only entitled to one objection under [Section 74.053] for that case."[5] Section 74.053 imposes no additional limitation on the total number of objections allowed in multiple party cases. In cases such as this, where there are two defendants and several "representative parties" of the class, multiple Section 74.053 objections are possible.

Section 74.053, however, allows an objection only for assignments made under Chapter 74.[6] The right does not apply to assignments by some power other than Chapter 74,[7] much less to the *transfer* of a case to another court.[8] The power to transfer the underlying case derived from Rule 330(e) of the Texas Rules of Civil Procedure and Har-

**3.** *See Scott v. Twelfth Court of Appeals*, 843 S.W.2d 439, 440 (Tex.1992).

**4.** *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985).

**5.** Tex. Gov't Code § 74.053(b); *see Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 439 (Tex. 1997) (distinguishing the three basic categories of judges who may receive an assignment and the Section 74.053 objections allowed against such assignments).

**6.** *See* Tex. Gov't Code § 74.053(a) (providing for objection "[w]hen a judge is assigned under *this* chapter.") (emphasis added); *cf.* Tex. Gov't Code §§ 74.054–056 (permitting the presiding judge of an administrative region to assign regular, retired, and former district judges to other courts in the region to try cases).

**7.** Many courts of appeals have rejected Section 74.053 challenges against assignments that were not made pursuant to Chapter 74 of the Texas Government Code. *See Weidner v. Marlin*, 937 S.W.2d 601, 603 (Tex.App.—San Antonio 1996, orig. proceeding) (holding that Section 74.053 objection is not available for a chapter 75 assignment of a former appellate justice to a court of appeals); *Meuth v. Hartgrove*, 811 S.W.2d 626, 628 (Tex.App.—Austin 1990, writ denied) (holding that Section 74.053 objection is available for assignments by the presiding judge of the administrative region but not by the county administrative judge); *Erbs v. Bedard*, 760 S.W.2d 750, 755 (Tex.App.—Dallas 1988, orig. proceeding) (holding that Section 74.053 objection is not available for a Section 25.002 assignment by the presiding judge of the statutory probate courts).

**8.** *See First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596, 621 (Tex.App.—Corpus Christi 1993, writ denied) (rejecting defendant's argument that a transfer was merely a "sham" to defeat other defendants' right to "strike any judge appointed by" the Chief Justice); *Starnes v. Holloway*, 779 S.W.2d 86, 93 (Tex.App.—Dallas 1989, writ denied) (rejecting argument that assignment "could not be ignored or overridden" by subsequent transfer orders); *R.J. Gallagher Co. v. White*, 709 S.W.2d 379, 381 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding) (holding that the predecessor statute to Section 74.053 did not apply to a district judge's transfer of a case from another district court to his own court); *see also Gonzalez v. Ables*, 945 S.W.2d 253, 254 (Tex.App.—San Antonio 1997, orig. proceeding) (rejecting a Section 74.053 challenge to an exchange of benches after Section 74.053 had been invoked to defeat two previous assignments).

ris County's local rules.[9]

Transferring a case is not dependent upon an assignment or any formal order.[10] "Trial courts have broad discretion to exchange benches or transfer cases"[11] independent of their Chapter 74 powers of assignment. Moreover, the transfer was not needed merely to facilitate the assignment, as the court of appeals reasoned. Judge Davidson could hear it in his own courtroom without a transfer. Rule 330(e) of the Texas Rules of Civil Procedure provides that in any county with two or more civil district courts, any judge *"may in his own courtroom* try and determine any case or proceeding pending in another court *without having the case transferred."*[12]

The court of appeals concluded that to regard the transfer of the case as superceding Judge Davidson's assignment would "elevate form over substance" and "circumvent the right to object to assignments of local elected judges." *Id.* at 858 & n. 10. In *Mitchell Energy Corp. v. Ashworth* we discussed the legislative impetus behind this right:

> During a public hearing on the bill the Senate Jurisprudence Committee conduct-

ed, several senators expressed dissatisfaction with the extent assigned visiting judges were used, and urged that parties ought to have the right to have a locally elected judge decide their case.[13]

The Legislature created the Section 74.053 right to address "the perceived abuse of the assignment system"[14] and to further a party's interest in having their case heard by a locally elected or retired judge that had "met 'the test of time' with the voters."[15] The policy concerns reflected in the Section 74.053 right to object to assigned visiting judges are not an issue in transfers between district courts within the same county. The class that the City of Wharton represents will have its case heard by a locally elected judge.

The overriding purpose of judicial rules of procedure is to obtain "a just, fair, equitable and impartial adjudication .... with as great expedition and dispatch ... as may be practicable."[16] Section 74.053 provides a limited right to object to Chapter 74 assignments. It does not, however, give a party "an unlimited right to have the matter decided before a judge of their choosing."[17]

> each may occupy his own courtroom or the room of any other court.... [A]ny judge may transfer any case or proceeding pending in his court to any other of said courts, and the judge of any court to which a case or proceeding is transferred shall receive and try the same, and in turn shall have power in his discretion to transfer any such case to any of other said courts and any other judge may in his courtroom try any case pending in any other of said courts.
>
> *Id.*

9. *See* Tex.R. Civ. P. 330(e); Harris (Tex.) Civ. Dist. Ct. Loc. R. 3.2.5 ("Any case may be transferred from one court to another court by written order of the Administrative Judge of the Civil Trial Division....").

10. *See European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 51 (Tex.App.—Dallas 1995, writ denied) ("Exchange or transfer does not require a formal order."); *Starnes*, 779 S.W.2d at 95 ("An order of transfer need not express any reason for the transfer.").

11. *Criswell*, 910 S.W.2d at 52; *see also* Tex. Const. art. V, § 11.

12. Tex.R. Civ. P. 330(e) (emphasis added). The entire rule reads, in pertinent part:

> Where in such county there are two or more district courts having civil jurisdiction, the judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, and any of them may in his own courtroom try and determine any case or proceeding pending in another court without having the case transferred, or may sit in any other of said courts and there hear and determine any case there pending ... and two (2) or more judges may try different cases in the same court at the same time, and

13. 943 S.W.2d at 439.

14. *Id.* at 440.

15. *Id.* at 438.

16. *See* Tex R. Civ. P. 1.

17. *Gonzalez*, 945 S.W.2d at 254; *see also Criswell*, 910 S.W.2d at 51 ("A litigant does not have a protected proprietary interest in having his case heard by a particular judge or a particular court."); *Starnes*, 779 S.W.2d at 97 ("Due process requires a fair and impartial trial before *a* competent tribunal. The basic elements of due process are notice, a hearing, and *an* impartial trier of facts. A person simply does not have a

\* \* \* \* \* \*

For the foregoing reasons, we hold that Judge Davidson did not abuse his discretion in refusing to disqualify himself in response to the City of Wharton's Section 74.053 objection. The Court conditionally grants the writ of mandamus against the court of appeals. *See* TEX.R.APP. P. 59.1. The writ will issue only if the court of appeals does not vacate its mandamus judgment.

protected proprietary interest in having his case heard by a *particular* judge.") (citations omitted).