**Writ of Mandamus Granted, Opinion and Order issued March 18, 1999**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-99-00117-CV

## IN RE LARRY RUTT, JANELLE FRIEDMAN, AND HEATHER RUTT, Relators

**From the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 96-02607-F**

## OPINION AND ORDER
Before Justices Whittington and Bridges
Opinion by Justice Bridges

Larry Rutt, Janelle Friedman, and Heather Rutt (relators) contend a retired judge abused his discretion in overruling their objection to his assignment to hear a motion to recuse the trial judge in the underlying case. This original proceeding arises from a case pending in the 95th Judicial District Court of Dallas County, Texas, styled *Larry Rutt, Janelle Friedman, and Heather Rutt v. Don Ambrose and Mary Ambrose, individually and as next friends of Brad Ambrose and Brad Ambrose individually.* Relators filed a motion to recuse the Honorable Sally Montgomery, Judge of the 95th District Court. The presiding judge of the administrative region appointed the Honorable Bill Stephens, a retired judge, to hear the motion to recuse.

Before the start of the hearing on the motion to recuse, relators objected to Judge Stephens's assignment to hear the motion to recuse under section 74.053 of the Government Code. *See* TEX. GOV'T. CODE ANN. § 74.053 (Vernon 1998). Relators' counsel handed the written objection to

Judge Stephens. At that point, Judge Stephens stated:

> I'm going to read you this objection, and let it be a matter of record. To the Honorable Judge of said Court, comes now Heather M. Rutt, Janelle Friedman and Larry Rutt collectively, plaintiffs, and file this their objection to the assigned judge and the cause and respectfully show unto the Court the following: Plaintiff filed this their objection to the assigned Judge pursuant to Texas Government Code 74.063.

After hearing arguments of counsel, Judge Stephens overruled the objection.

Relators contends that Judge Stephens abused his discretion in overruling the objection to his assignment to hear the motion to recuse because an objection under section 74.053 automatically disqualifies him from hearing the case. In response, the real parties in interest raise two arguments. First, they assert that a section 74.053 objection does not disqualify a judge assigned to hear a recusal motion under rule 18a of the Texas Rules of Civil Procedure. We disagree. The Texas Supreme Court recently held that a section 74.053 objection does apply to a retired judge assigned to hear a recusal motion under rule 18a . *See In re Perritt*, 42 Tex. Sup. Ct. J. 409, 409 (March 11, 1999). Next, the real parties in interest claim that relators have waived their objection under section 74.053 by failing to file a copy of the objection with the clerk before the hearing began. Again, we disagree. Section 74.053(d) requires that an objection under section 74.053 must be filed before the first hearing or trial over which the assigned judge is to preside. TEX. GOV'T. CODE ANN. § 74.053(d) (Vernon 1998). Here, relators' attorney handed the written objection to Judge Stephens before the hearing on the motion to recuse the trial judge. Judge Stephens read the objection in open court and pronounced it a "matter of record." Under these circumstances, we conclude relators filed a sufficient objection under section 74.053(d).[1]

Because relators properly objected to Judge Stephens under section 74.053, we conclude he

---

[1] Section 74.053(b) permits each party to the case to make only one objection to the assignment of a retired judge. By objecting to Judge Stephens, relators have used their objection and may not object in the future except as provided in section 74.053(d). *See In re Perritt*, 42 Tex. Sup. Ct. J. at 410 n.2.

abused his discretion in overruling the objection. *See In re Houston Lighting & Power Co.*, 976 S.W.2d 671, 672 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We conditionally grant relators' petition for writ of mandamus. We direct Judge Stephens to vacate his order denying relators' objection and enter an order granting the objection. If Judge Stephens enters an order in compliance with this opinion, mandamus will not issue. Judge Stephens is to file a certified copy of his order in compliance with this opinion no later than April 1, 1999.

This Court's order staying all proceedings in this case in the trial court remains in effect until Judge Stephens files an order in compliance with this opinion or until mandamus issues. Thereafter, this Court's February 3, 1999 stay order is vacated without further action.

DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

—3—