In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-472 CV


____________________



IN RE GUIDEONE LLOYDS INSURANCE COMPANY, 


CHRIS JOHN, AND PAUL ANDERSON






Original Proceeding






 MEMORANDUM OPINION


 Guideone Lloyds Insurance Company, Chris John, and Paul Anderson filed a petition
for writ of mandamus and a motion to stay all proceedings in the trial court. The relators
contend the trial court abused its discretion by ordering a case originally filed in the 172nd
District Court of Jefferson County transferred to the 58th District Court of Jefferson County
because no local rules for Jefferson County expressly provide for transfer of civil cases. See
Jefferson Cty. (Tex.) Loc. Civ. R.--District Courts. We deny the petition and motion
for stay.


 The relators argue that transfers of civil cases may occur only when the local rules in
effect for the county of filing specifically authorize a transfer. They contend that Section
74.093(b)(1) restricts the transfer of cases to those transfers authorized by local rule. See
Tex. Gov't Code Ann. § 74.093(b)(1) (Vernon 2005) ("The rules must provide for . . .
assignment, docketing, transfer, and hearing of all cases, subject to jurisdictional limitations
of the district courts. . . ."). The cases upon which the relators rely do not supply precedent
for their particular construction of Section 74.093. One case cited in their brief concerned
a transfer of a case that fell outside the jurisdictional limits of the receiving court. See Alpert
v. Gerstner, 232 S.W.3d 117, 123 (Tex. App.-Houston [1st Dist.] 2006, pet. denied). 
Another concerned a transfer order signed while a motion to recuse the judge was pending
before a different judge. In re Rio Grande Valley Gas Co., 987 S.W.2d 167, 175-76 (Tex.
App.-Corpus Christi 1999, orig. proceeding). 

 "'Trial courts have broad discretion to exchange benches or transfer cases'
independent of their Chapter 74 powers of assignment." In re Houston Lighting & Power
Co., 976 S.W.2d 671, 673 (Tex. 1998) (quoting European Crossroads' Shopping Ctr., Ltd.
v. Criswell, 910 S.W.2d 45, 51 (Tex. App.-Dallas 1995, writ denied)). The Government
Code gives district court judges the discretion to transfer civil cases to another district court
in the same county. See Tex. Gov't Code Ann. § 24.303(a) (Vernon 2004) ("In any county
in which there are two or more district courts, the judges of those courts may, in their
discretion, . . . on their own motion, transfer any civil or criminal case or proceeding on their
dockets to the docket of one of those other district courts."); see also Tex. R. Civ. P. 330. 
In addition, the judge of one district court may sit as another district court of the same
county. See Tex. Gov't Code Ann. § 24.303(a) ("The judges of those courts may, in their
discretion, exchange benches or districts from time to time."). 

 To obtain mandamus relief, a relator must show both that the trial court clearly abused
its discretion and that the relator has no adequate remedy by appeal. In re Prudential Ins. Co.
of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). These relators fail to establish on this record
that the trial court abused its discretion or that appeal would not be an adequate remedy.
Accordingly, we deny the petition for writ of mandamus and motion for temporary relief.

 PETITION DENIED.

 PER CURIAM


Opinion Delivered November 5, 2008

Before Gaultney, Kreger, and Horton, JJ.