# CONCURRING OPINION

No. 04-11-00641-CV

**IN RE** Michelle **CHESTER**

Original Mandamus Proceeding[1]

Opinion by:     Marialyn Barnard, Justice
Concurring Opinion by:  Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  October 12, 2011

The record in this case reveals the Respondent's desire to do the right thing by a young mother and her child who is the subject of this litigation. The Respondent's laudable motives are not in question. However, achieving the goal of family reunification between mother and daughter is more apt to occur if the established rules of procedure and the applicable statutory mandates are followed. The failure to follow the most basic dictates of our legal system have had the unintended consequence of adding an additional layer of litigation to what appears to be an already tumultuous journey. The custody of K.R.A. is within the purview of the legal system for good reason, and the legal system, properly employed, will foster family reunification if it is the best interest of K.R.A.

In this case the legal system was not properly employed because the most basic of legal principles – due process notice – was not upheld. *See In re Houston Lighting & Power  Co.*, 976 S.W.2d 671, 673 n.17 (Tex. 1998) (orig. proceeding) (listing notice as one of the basic elements of due process). Respondent dismisses the fundamental right to notice as a "technical rule[] of

---

[1] This proceeding arises out of Cause No. 2008-CI-09633, styled *In the Interest of K.R.A., A Minor Child*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter Sakai presiding. However, the order complained of was signed by the Honorable Antonia Arteaga, presiding judge of the 57th Judicial District Court, Bexar County, Texas, who is the respondent.

pleading and practice" that should not prevail over the best interest of the child. Likewise, the "trial court's wide discretion in determining the best interest of the child" is offered as a shield from the lack of notice. These contentions miss the mark at a very core level. Without notice of the issues to be addressed at a hearing, the parties cannot be prepared with the research and witnesses needed to test each party's contentions and ultimately to provide the proper answers to the issues. In this case, testimony elicited in response to the Respondent's direct questioning of the child's mother indicates the mother is on the path to successfully overcoming substance abuse problems. Hopefully the testimony is fully accurate, but it could be completely incorrect. No one knows the accuracy of the testimony because it is untested. And it is untested because none of the parties had notice that a change in temporary custody orders was even possible.

Despite Respondent's arguments to the contrary, the Relator's complaint about lack of notice was not waived. Relator's objections to proceeding without notice and without following local Bexar County rules were both numerous and sufficiently clear to inform Respondent of the nature of Relator's complaint. Respondent also notes that Relator was given the opportunity to call witnesses, but refused to do so. Respondent contends that such refusal is evidence of a waiver of Relator's complaint. Again, this argument misses the mark: Relator could not call witnesses to respond to an issue that she did not have notice would be litigated at the hearing.

Finally, Relator's contention that this court may not issue a writ of mandamus because no harmful error is found in the record misconstrues the standard of review in a mandamus proceeding. The standard is well established: a writ will issue upon a showing of a clear abuse of discretion for which the relator has no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A clear abuse of discretion has been found by this

court, with no adequate remedy by appeal to correct that abuse of discretion. That ends the inquiry, and the writ is properly issued.

Catherine Stone, Chief Justice