R.J. GALLAGHER COMPANY and Robert John Gallagher, Sr., Relators,

v.

The Honorable Frank WHITE, Judge, 295th Judicial District Court, Harris County, Respondent.

No. A14–86–226–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1986.

Barclay A. Manley, Roger Townsend, Sarah Duncan, Houston, for relators.

Tom Alexander, Frank O. White, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

We granted leave to file petition for writ of mandamus to determine whether the Honorable Frank White should be mandated to vacate his order of February 28, 1986, transferring a cause to his court and his order of March 10, 1986, granting a new trial. We deny the writ of mandamus.

Relators are the defendants in the suit out of which this petition for writ of mandamus arises. James T. Alexander is the Plaintiff.

The underlying suit was filed and proceeded to trial and verdict in the 165th Judicial District Court, visiting Judge T.M. Gupton presiding. The presiding judge of the court, the Honorable R.L. "Bob" Smith, was incapacitated by illness and unable to preside.

Alexander filed a motion for new trial based on the alleged failure of ten jurors to sign the verdict. TEX.R.CIV.P. 292. He then filed "Plaintiff's Objection to Entry of Judgment and Alternative Motion for Mistrial" alleging the same grounds.

Relators filed a motion for entry of judgment. That motion was granted and the judgment was signed January 28, 1986, by Judge Richard W. Millard, hearing docket matters in the 165th Judicial District Court.

An amended motion for new trial was filed February 14, 1986, in the 165th Judicial District Court. The amended motion set forth 14 errors.

At the request of Alexander, respondent transferred the cause from the 165th Judicial District Court to his court, the 295th Judicial District Court, on February 28, 1986. After a hearing March 10, 1986, respondent granted a new trial.

Relators argue that respondent's transfer of the cause and the subsequent order granting a new trial are void and constitute "flagrant abuses of judicial discretion...."

■ Relators argue the transfer order and the order granting new trial entered by respondent are void because Rule 330 does not permit a unilateral transfer of a case *from* another court, TEX.R.CIV.P. 330, and respondent was not administratively assigned to hear the case. TEX.REV.CIV. STAT.ANN. art. 200a–1. Nothing in the record reflects the transfer was made with the authorization, assent, or approval of either Judge Smith, the regularly-elected judge of the 165th Judicial District Court, Judge Millard, the judge who overruled the motion for mistrial and rendered judgment in the 165th Judicial District Court, the presiding judge of the second administrative district, or the senior district judge of Harris County.

■ We, however, do not believe such authorization, assent, or approval was required. Relators apparently read Rule 330 to require a transfer order be signed by the judge in whose court the cause is pending or by a supervisory judge. We do not believe the rule is so restrictive.

The plain language of Rule 330 appears to permit a unilateral transfer of a cause to a court. "... [T]he judges ... may transfer cases and other proceedings from one court to another." TEX.R.CIV.P. 330(e). Relators, furthermore, offer no case authority to support their interpretation.

Transfer of a case as effected in this proceeding appears explicitly authorized by the Government Code. "If a district judge is absent, sick, or disqualified, any of the district judges in the county may hold court for him or may transfer a pending case to the court of any other district judge in the

county." Government Code § 24.003(c). *See also* TEX.REV.CIV.STAT.ANN. art. 200a–1 § 5.004(a).

Relators offer an impassioned argument that the finality of judgments will be undermined and the orderly and fair administration of justice will be subverted if this Court refuses to append some limits to the transfer of cases. The situation they envision is assuredly not impossible: The presiding judge of the 165th Judicial District Court could transfer the cause back to that court and set aside the order granting the motion for new trial before plenary jurisdiction expires. Respondent could then transfer the cause back and grant a new trial, once again extending plenary jurisdiction.

Such a case of judicial chaos is, fortunately, not before us. Certainly it would have been more orderly to effect a transfer through the presiding judge. Relators, however, point to no rule requiring transfer be made in that manner. Indeed, the rules apparently authorize exactly what was done and seemingly rely on judicial restraint to prevent relators' hypothetical judicial nightmare. If judicial restraint fails, however, we believe the cure lies with amendment of Rule 330 or the adoption of local rules to prevent actual or perceived "judge shopping."

We overrule relators' first argument.

Relators further argue the granting of the new trial was void because the right to a peremptory challenge to respondent was properly exercised. We do not agree.

■ When a judge is assigned to a court pursuant to the Court Administration Act, if a party to a civil case files a timely objection to the assignment, the judge is disqualified to hear the case. TEX.REV. CIV.STAT.ANN. art. 200a–1 § 4.013. The provision has no applicability in this case. Nothing in the record indicates respondent was assigned to hear the case by the provisions of the Act.

In their other contentions, relators assert respondent abused his discretion by granting a new trial. They argue the grounds in the amended motion for new trial were implicitly overruled by Judge Millard when he granted the motion to enter judgment and signed the judgment.

The argument, however, ignores indisputable facts. Judge Millard did indeed enter judgment in the face of Alexanders's opposition to entry of judgment which set out the same grounds as his motion for new trial. Judge Millard, however, did not rule on the motion for new trial.

The amended motion for new trial, moreover, contained additional errors and certainly did more than reiterate arguments previously rejected. Relators ignore all but one of the grounds.

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law where there is no other adequate remedy at law. *Johnson v. The Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985); *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). A trial court abuses its discretion only when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. 700 S.W.2d at 917.

■ A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. *Id.; Lutheran Social Service, Inc. v. Meyers*, 460 S.W.2d 887, 889 (Tex.1970). The relator must establish, under the circumstances of the case, the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. 700 S.W.2d at 917; *Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex.1981).

■ Respondent's order granting a new trial did not set forth the grounds on which the new trial was granted. We note that one of the errors of which Alexander complained was the overruling of his objection to an instruction in the charge. Clearly a new trial may be granted on the basis of an incorrect instruction. *See Acord v. Gener-*

*al Motors Corp.*, 669 S.W.2d 111, 115–16 (Tex.1984).

Relators have not sustained their burden. They have neglected to demonstrate the facts and the law permitted respondent to make but one decision, the decision to deny a new trial, as to each error asserted.

We decline to review each error. If any matter asserted required the exercise of discretion, such discretion lay with respondent. We may not substitute our discretion for that of the trial court. 700 S.W.2d at 918.

The mandamus is denied.