## In re RIO GRANDE VALLEY GAS COMPANY.

## In re PG & E Reata Energy, L.P., et al.

### Nos. 13–98–554–CV, 13–98–547–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1999.

Adam Poncio, Cerda, Garriga & Poncio, Attorneys at Law, Ramon Garcia, Attorney at Law, Edinburg, for Relator in cause nos. 13-98-00554-CV and 13-98-00547-CV.

J. A. Magallanes, Gilberto Hinojosa, Magallanes, Sokat & Hinojosa, Brownsville, Luther H. Soules, III, Paul D. Andrews, Sara Murray, Soulas & Wallace, Attorneys at Law, San Antonio, B. Mills Latham, Law Offices of B. Mills Latham, Attorneys at Law, Corpus Christi, Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, TX, for Relator in cause no. 13-98-00547-CV.

Elizabeth B. Hawkins, Benjamin L. Hall, III, Sherry A. Scott, O'Quinn & Laminack, Houston, for Real Parties in cause nos. 13-98-00554-CV and 13-98-00547-CV.

Robert R. Johnson, O'Quinn, Kerensky, McAninch, Houston, for Real Parties in cause no. 13-98-00554-CV.

Daniel Bishop, Watson, Bishop, London & Galow, Attorneys at Law, Austin, Juan R. Molina, Attorney at Law, Weslaco, TX, for Real Parties in cause no. 13-98-00547-CV.

Hon. Noe Gonzalez, Hon. Edward G. Aparicio, Edinburg, TX, for Respondents in cause no. 13-98-00547-CV.

## OPINION

YANEZ, J.

This is an original proceeding regarding two mandamus actions requesting this Court to order Judge Noe Gonzalez of the 370th District Court in Hidalgo County, Texas to vacate his order of October 8, 1998,[1] which transferred seven related cases [2] to his court. In Cause No. 13–98–547–CV, *In re PG & E Reata Energy, L .P., et al.* (*"In re PG & E"*), the relators are: (i) PG & E Reata Energy, L.P. f/k/a Reata Industrial Gas, L.P.; (ii) Valero Gas Marketing Company f/k/a Reata Industrial Gas Company; (iii) PG & E NGL Marketing, L.P. f/k/a Valero Marketing, L.P.; (iv) PG & E Texas LDC, L.P. f/k/a VLDC, L.P.; (v) PG & E Rivercity Energy, L.P. f/k/a Rivercity Gas, L.P.; (vi) Valero Gas Marketing, L.P.; (vii) PG & E Texas Industrial Energy, L.P. f/k/a Valero Industrial Gas, L.P.; (viii) PG & E Gas Transmission, Texas Corporation f/k/a Valero Energy Corporation; (ix) PG & E Texas Natural Gas Company f/k/a Valero Natural Gas Company; (x) PG & E Texas Pipeline Company f/k/a Valero Transmission Company; (xi) PG & E Texas Pipeline, L.P. f/k/a Valero Transmission, L.P.; (xii) VT Company f/k/a Lo Vaca Gathering Company; (xiii) PG & E Texas Field Services Company f/k/a Valero Field Services Company; (xiv) PG & E Texas Gas Storage Company f/k/a Valero Gas Storage Company; (xv) PG & E Hydrocarbons Company f/k/a Valero Hydrocarbons Company; (xvi) PG & E Hydrocarbons, L.P. f/k/a Valero Hydrocarbons, L.P.; (xvii) PG & E Texas Hub Series Company f/k/a Valero Storage and Transfer Company; (xviii) PG & E Texas Management Company f/k/a Valero Management Company; (xix) PG & E Texas Gas Partners, L.P. f/k/a Valero Natural Gas Partners, L.P.; (xx) PG & E Texas Management Partnership, L.P. f/k/a Valero Management Partnership, L.P.; (xxi) PG & E–Tex, L.P. f/k/a Valerotex,, L.P.; (xxii) PG & E Energy Trading Corporation; (xxiii) Valero–Teco West Texas Pipeline Company; (xxiv) PG & E Gas Transmission Teco, Inc. f/k/a PG & E Gas Transmission, Texas Corporation and Teco Pipeline Company; (xxv) Teco Gas Gathering Company; (xxvi) Teco Industrial Gas Company; (xxvii) Teco Gas Marketing Company; (xxviii) Teco Gas Processing Company; and (xxix) Teco Gas Services Company.

*In re PG & E* real parties-in-interest are the cities of Pharr, Weslaco, and Mercedes, as individual plaintiffs and class representatives. In Cause No. 13–98–554–CV, styled *In re Rio Grande Valley Gas Company and Southern Union Gas Company* (*"In re RGV Gas"*), the relators are Rio Grande Valley Gas Company (*"RGV Gas"*) and Southern Union Gas Company (*"Southern Union"*), while the real parties-in-interest are the cities of Pharr, Weslaco, Mercedes, Donna, and Alton, as well as Valero Energy Corporation.[3] For our convenience, we have consolidated these two causes. Upon consideration, we conditionally grant the petitions for mandamus.

### The Issues

There are two issues before us in the present mandamus actions. The first issue is

---

**1.** The relators have similarly requested that this court vacate a transfer order dated September 21, 1998, signed jointly by Judge Gonzalez and Judge Edward Aparicio of the 92nd District Court of Hidalgo County. During oral argument, the parties agreed that the only order at issue is the October 8th order.

**2.** In our Cause No. 13–98–554–CV, styled *In re Rio Grande Valley Gas Company and Southern Union Gas Company,* the following cases are at issue: Cause Nos. C–4558–95–A–2, styled *City of Pharr, et al. v. Rio Grande Valley Gas Co., et al.* (*"Pharr"*); C–4558–95–A(3), styled *City of Alton and City of Donna v. Rio Grande Valley Gas Co. et al.* (*"Alton"*); and C–4558–95–A–4, styled *Southern Union Co. v. Valero Energy Corp.* (*"Vale-*

*ro"*). In our Cause No. 13–98–547–CV, styled *In re PG & E Reata Energy, L.P., et al.,* the following cases are at issue: Cause Nos. C–2262–97–A, styled *City of Mercedes v. Reata Industrial Gas, L.P.* (*"Mercedes"*); C–2276–97–A, styled *City of Weslaco v. Reata Industrial Gas, L.P.* (*"Weslaco"*); Cause No. C–427–98–G, styled *City of Pharr, et al. v. PG & E Gas Transmission, Texas Corp., et al.* (the *"Pharr Injunction"*); and C–786–98–B, styled *City of Mercedes, et al. v. PG & E NGL Marketing, L.P., et al.* (the *"Mercedes Injunction"*).

**3.** Alton and Donna have not responded to the In re RGV Gas petition. Valero Energy was the defendant in *Valero,* which has apparently been ·dismissed without prejudice as of May 1998.

whether Judge Noe Gonzalez, either as Judge of the 370th District Court of Hidalgo County or as Local Administrative Judge of Hidalgo County, was authorized to unilaterally transfer the *Mercedes, Pharr, Alton,* and *Valero* cases (the "Transfer Cases") into his court, when those cases had previously been assigned to Judge Mike Westergren of the 214th District Court of Nueces County by Judge Darrell Hester, presiding judge of the Fifth Administrative Judicial Region, following recusal proceedings in the cases. The Transfer Cases were to be heard by Judge Westergren in the 92nd District Court in Hidalgo County. The second issue is whether Judge Gonzalez had authority to transfer the *Weslaco, Mercedes Injunction,* and *Pharr Injunction* cases (the "Recusal Cases") into his court from Judge Edward Aparicio of the 92nd District Court of Hidalgo County, when motions to recuse Judge Aparicio had been filed and were pending in the cases.

Relators contend that Judge Gonzalez abused his discretion in transferring the cases for three reasons. First, the relators argue the transfer violates the mandatory procedures set forth in rule 18a, which provides generally, that following the filing of a motion to recuse, and prior to any further proceedings, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear the motion. Tex.R.Civ.P. 18a. (Vernon Supp.1998) The second contention is that Judge Gonzalez lacked authority to unilaterally transfer cases previously assigned to Judge Westergren by Judge Hester following recusal actions. The final contention is that the order purportedly transferring the cases is void as a matter of law. Real parties-in-interest[4] respond that (1) trial courts have broad discretion to transfer cases based on authorization under Texas constitutional, statutory, and common law, the rules of civil

procedure (specifically Rule 330(e)), and local court rules of administration; and 2) as local administrative judge of Hidalgo County, Judge Gonzalez was authorized to unilaterally transfer the cases on his own motion into another court, including his own, in order to provide an efficient and uniform forum for all of the cases to be tried. The Real Parties further contend that any pending rule 18a challenges were rendered moot by the transfer, which was proper.

## Procedural History

The underlying lawsuits arise from contract disputes seeking recovery of certain fees and taxes from various gas marketing entities. The City of Edinburg filed the first lawsuit[5] on August 31, 1995, against RGV Gas, Southern Union, and others concerning unpaid franchise taxes. That lawsuit was randomly assigned to Judge Homer Salinas, then presiding judge of the 92nd District Court of Hidalgo County. In May 1996, the City of Pharr intervened in *Edinburg.* In June 1996, defendants filed a motion to recuse Judge Salinas. Shortly thereafter, Judge Salinas severed *Pharr* from the *Edinburg* case and granted a state-wide class certification in *Pharr.* Defendants again filed motions to recuse Judge Salinas in both cases in July 1996. Also in July 1996, the Cities of Alton and Donna intervened in *Edinburg.*

In August 1996, Judge Salinas was recused in the *Edinburg* and *Pharr* cases, and on October 2, 1996, Judge Hester assigned Judge Westergren to hear both cases.[6]

On March 26, 1997, Judge Westergren created *Valero* by severing cross-claims filed by Southern Union against Valero in *Edinburg.* According to the records before us, *Valero* was subsequently nonsuited and dismissed without prejudice on May 1, 1998. In January 1998, Judge Westergren approved Judge Salinas' class certification order in *Pharr* and

---

**4.** *In re PG & E* real parties and *In re RGV Gas* real parties are referred to collectively as "Real Parties."

**5.** Cause No. 4558–95–A, styled *City of Edinburg v. Rio Grande Valley Gas Company, et al.* ("Edinburg").

**6.** Judge Westergren presided over *Edinburg,* in which a jury verdict was rendered in August 1998. The judgment in that case is not at issue in this mandamus. Since his appointment, Judge Westergren has also entered numerous orders in *Pharr.* A motion to transfer venue to Travis County, filed by defendants, is presently pending in the case.

allowed the Cities of Weslaco and Mercedes to intervene as class representatives. In March 1998, Judge Westergren severed the *Alton* case from *Edinburg*.

On April 16, 1997, the *Mercedes* lawsuit was filed by the City of Mercedes against Reata Industrial Gas, L.P. and others in the 92nd District Court. Defendants filed a motion to recuse Judge Aparicio. Judge Aparicio referred the matter to Judge Hester, who assigned Judge Manuel Banales of the 105th District Court of Nueces County to hear the motion. Following an evidentiary hearing, Judge Banales recused Judge Aparicio, and Judge Hester assigned Judge Westergren to hear the case.

On April 17, 1997, the *Weslaco* lawsuit was filed against Reata Industrial Gas, L.P. and others in the 92nd District Court. On September 22, 1997, defendants filed a motion to recuse Judge Aparicio. No action was taken and the motion remained pending at the time of the purported transfer to the 370th by Judge Gonzalez on October 8, 1998.

On January 29, 1998, the *Pharr Injunction* lawsuit was filed against all *In re PG & E* relators seeking to protect the class in *Pharr*. On the same day the case was filed, an ex parte temporary restraining order was granted by Judge Fernando Mancias, presiding judge of the 93rd District Court but sitting in the 92nd District Court. On February 3, 1998, defendants filed a motion to recuse Judge Aparicio. Shortly thereafter, defendants removed the case to federal court. On September 25, 1998, the case was remanded back to the 92nd District Court. No action was taken by Judge Aparicio regarding the pending motion to recuse.

On February 18, 1998, the *Mercedes Injunction* lawsuit, which was substantially similar to the *Pharr Injunction*, was filed against all *In re PG & E* relators in Hidalgo County. On the same day, Judge Fernando Mancias, again sitting in the 92nd District Court, signed an ex parte temporary restraining order. Shortly thereafter, the case was removed to federal court. On September 30, 1998, it was remanded to the 92nd District Court. On October 5, 1998, a motion to recuse Judge Aparicio was filed. No action was taken by Judge Aparicio regarding

the motion. At issue in the present mandamus actions is the October 8, 1998 transfer order, whereby Judge Gonzalez purportedly transferred these seven cases to the 370th District Court.

## Mandamus Relief

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992)). A trial court abuses its discretion when it does not follow guiding rules and principles and reaches an arbitrary and unreasonable decision. *Republic Royalty Co. v. Evins*, 931 S.W.2d 338, 342 (Tex.App.—Corpus Christi 1996, orig. proceeding); *Excel Corp. v. Valdez*, 921 S.W.2d 444, 448 (Tex.App.—Corpus Christi 1996, orig. proceeding); *see Walker*, 827 S.W.2d at 839. When one court directly interferes with the jurisdiction of the other, mandamus becomes appropriate. *In re McCall*, 967 S.W.2d 934, 938–39 (Tex.App.—Corpus Christi 1998, orig. proceeding); *Republic*, 931 S.W.2d at 341; *Flores v. Peschel*, 927 S.W.2d 209, 211 (Tex.App.—Corpus Christi 1996, orig. proceeding).

Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Walker*, 827 S.W.2d at 840. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id*. The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *Id*. (citations omitted). When litigation becomes deadlocked because two courts are struggling for jurisdiction over the same lawsuit and actively interfering with each other's proceedings thereon, the remedy by appeal is generally inadequate and mandamus is appropriate to settle the dispute. *Republic*, 931 S.W.2d at 341. To the extent that one court's attempt to divest the other of jurisdiction over a case amounts to a void order beyond its power or jurisdiction to enter,

mandamus may be appropriate. *Flores,* 927 S.W.2d at 212.

This Court and others have previously granted mandamus upon finding an abuse of discretion in a trial court's decision to transfer a case, exchange benches, or hold court for another judge.[7] *Republic,* 931 S.W.2d at 342; *Excel,* 921 S.W.2d at 448; *European Crossroads' Shopping Ctr., Ltd. v. Criswell,* 910 S.W.2d 45, 51 (Tex.App.—Dallas 1995, writ denied).

### Applicable Law and Analysis

#### a. Transfer

The Texas Constitution and the Texas Government Code authorize district courts within the same county to transfer cases, exchange benches, and provide local rules for the administration of such transfers and exchanges. TEX. CONST. art. V, § 11; TEX. GOV'T CODE ANN. §§ 24.303 (Vernon 1988), 74.093 (Vernon 1998). In addition, Texas Rule of Civil Procedure 330(e), concerning exchange and transfer between district courts, provides that district judges in counties with two or more district courts [8] having civil jurisdiction may "exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another." TEX.R.CIV.P. 330(e); *Republic,* 931 S.W.2d at 342. Accordingly, litigants do not have a protected proprietary interest in having their cases heard by a particular district judge or court within the county of filing. *Republic,* 931 S.W.2d at 342 (citing *Excel,* 921 S.W.2d at 447; *European Crossroads',* 910 S.W.2d at 51; *Starnes v. Holloway,* 779 S.W.2d 86, 97 (Tex.App.—Dallas 1989, writ denied)).

The Texas Constitution expressly provides that "... the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, ..." TEX. CONST. art. V, § 11.

Texas Government Code § 24.303(a) further provides:

(a) In any county in which there are two or more district courts, the judges of those courts may, in their discretion, either in termtime or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding *on their dockets* to the docket of one of those other district courts. The judges of those courts may, in their discretion, exchange benches or districts from time to time. (Emphasis added).

TEX. GOV'T CODE ANN. § 24.303(a).

Rule 330(e), "Exchange and Transfer," provides in pertinent part:

Where in such county there are two or more district courts having civil jurisdiction, the judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, and any of them may in his own courtroom try and determine any case or proceeding pending in another court without having the case transferred, ... and *any judge may transfer any case or proceeding pending in his court* to any other of said courts.... (Emphasis added).

TEX.R.CIV.P. 330(e).

The Texas Government Code also provides for a local administrative district judge in each county, outlines the duties of local administrative judges, and provides for the adoption of local rules. Specifically, § 74.091 provides:

(a) There is a local administrative district judge in each county.

(b) In a county with two or more district courts the judges of those courts shall elect a district judge as local administrative district judge for a term of not more than two years. The local administrative district

---

**7.** We note, as we did in *Republic,* that although mandamus relief is appropriate, conflicts of this nature between courts may first be submitted to the local administrative judge for determination. Because, in the matters before us, Judge Gonzalez is the local administrative judge, and the transfer order signed by Judge Gonzalez is at issue, referral to the presiding judge of the administrative judicial region for determination may have been more appropriate on these facts. *See Republic,* 931 S.W.2d at 341, n. 2.

**8.** Hidalgo County has seven district courts.

judge may not be elected on the basis of rotation or seniority.[9]

(c) In a county with only one district judge, the district judge serves as the local administrative district judge.

TEX. GOV'T CODE ANN. § 74.091 (Vernon 1998).

The duties of a local administrative judge are outlined in § 74.092, which provides in pertinent part:

A local administrative judge, for the courts for which the judge serves as local administrative judge, shall:

(1) *implement and execute* the local rules of administration, including the assignment, docketing, transfer, and hearing of cases;

. . . .

(5) supervise the expeditious movement of court caseloads, subject to *local*, regional, and state rules of administration[.] (Emphasis added).

TEX. GOV'T CODE ANN. § 74.092(1), (5) (Vernon 1998).

In addition, Texas Government Code § 74.093 provides in pertinent part:

(a) The district and statutory county court judges in each county *shall*, by majority vote, adopt local rules of administration.

(b) The rules must provide for:

(1) assignment, docketing, *transfer*, and hearing of all cases, subject to jurisdictional limitations of the district courts and statutory county courts; (Emphasis added).

TEX. GOV'T CODE ANN. § 74.093 (Vernon 1998).

Following the mandate of § 74.093, the Hidalgo County Civil Court Rules provide for assignment and transfer of cases among the district courts in Hidalgo County. Specifically, local rule 1.2(a) provides:

(a) After assignment to a particular Court, every case, both jury and non-jury, shall remain pending in such Court until final disposition, provided that any case may be transferred to another Court *by order of the Judge of the Court in which the case is pending* with the consent of the Judge of the Court to which it is transferred. (Emphasis added)

Local rule 1.7(a) further provides:

(a) Whenever any pending case is so related to another case pending in or disposed of by another Court that a transfer of the case to such other Court would facilitate orderly and efficient disposition of the litigation, *the Judge of the Court in which either case is or was pending may*, upon motion and notice, (including his own motion), *transfer the case to the Court in which the earlier case was filed with consent of the receiving Judge* . (Emphasis added).

HIDALGO COUNTY (TEXAS) CIV.DIST.CT.LOC.R. 1.2(a), 1.7(a) (1977).

### b. Analysis of Transfer Cases

The statutes and rules generally rely on judicial restraint to prevent district courts within the same county from fighting one another for jurisdiction over a case. *Republic*, 931 S.W.2d at 342; *Excel*, 921 S.W.2d at 448; *R.J. Gallagher Co. v. White*, 709 S.W.2d 379, 381 (Tex.App.—Houston [14th Dist.] 1986, orig. proceeding).[10] Likewise the local

---

**9.** Although not at issue in the matters before us, we note that Hidalgo County Civil Court Rule 2.1, concerning election of the presiding judge, provides otherwise:

| | |
|---|---|
| January–February–March | 92nd District Court |
| April–May–June | 93rd District Court |
| July–August–September | 139th District Court |
| October–November–December | 206th District Court |

HIDALGO COUNTY (TEXAS) CIV.DIST.CT.LOC.R. 2.1(a) (1977).

We also note that there are currently seven district courts in Hidalgo County, including the 370th District Court, in which Judge Gonzalez presides and which is not listed in the above rotation of courts. The Hidalgo County Civil

(a) The Board of Judges of Hidalgo County has established the following schedule for the Presiding Judge:

Court Rules were adopted in 1977, prior to the 1987 enactment of TEX. GOV'T CODE § 74.091 and the former statute, TEX.REV.CIV.STAT.ANN. art. 200a–1, § 5.001 in 1985.

**10.** In *Gallagher*, the court opined that absent limitations imposed by local rules, Texas Rule of

rules concerning transfer of cases among district courts in Hidalgo County largely depend upon the collegiality of the district courts of Hidalgo County to avoid disputes over which should retain or transfer a particular case. *See Excel*, 921 S.W.2d at 448. This Court and others have recognized the potential for abuse and judicial chaos likely to result from the transfer of cases back and forth between district courts. *Republic*, 931 S.W.2d at 342 ("To allow arbitrary transfers of this nature would undermine the random assignment system within the county and encourage improper forum or judge shopping by the parties."); *Gallagher*, 709 S.W.2d at 381.

The Real Parties contend article V, § 11 of the Texas Constitution and rule 330(e) authorize Judge Gonzalez to unilaterally transfer cases unrestricted by any limitations imposed by the local rules, and that any such limitations on a district judge's transfer authority should not be given controlling effect.[11]

▆▆▆ The Real Parties also cite § 24.003(c) of the government code in support of their contention that Judge Gonzalez had authority to unilaterally transfer cases

previously assigned to Judge Westergren. Section 24.003(c), applicable to counties which, like Hidalgo, have five or more district courts, provides:

> (c) If a district judge is absent, sick, or disqualified, any of the district judges in the county may hold court for him or may transfer a pending case to the court of any other district judge in the county.

Tex.Gov't.Code Ann. § 24.003(c) (Vernon 1988). According to the Real Parties, because motions to recuse Judge Aparicio had either been granted or were pending, he was "absent" for purposes of this section, and Judge Gonzalez was authorized to transfer the cases. In the context of the statute, we define "absent" as unavailable or not in attendance.[12] Nothing in the record indicates that Judge Aparicio was "absent, sick, or disqualified" within the meaning of the statute. We hold that § 24.003(c) is inapplicable to the facts before us.

▆▆▆ We recognize that trial courts have broad discretion to exchange benches or transfer cases. *European Crossroads'*, 910

---

Civil Procedure 330(e), as currently written, appears to permit a district judge to unilaterally transfer a case *from* another district court. In response to the specter of a "judicial nightmare" of cases being transferred back and forth between district courts, the court noted that in the event judicial restraint fails to prevent such a result, "the cure lies with amendment of Rule 330 *or the adoption of local rules* to prevent actual or perceived 'judge shopping.' " *Gallagher*, 709 S.W.2d at 381 (emphasis added). It is not necessary for us to decide whether we share the *Gallagher* court's interpretation of rule 330(e). No local rules were addressed in *Gallagher*. In the cases at bar, the local rules are at issue and explicitly limit the authority of Hidalgo County judges to transfer cases.

11. In support of this argument, the Real Parties cite *Starnes v.. Holloway*, 779 S.W.2d 86, 96 (Tex.App.—Dallas 1989, writ denied) and *Mayad v. Rizk*, 554 S.W.2d 835, 837 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd. n.r.e.). Real Parties' reliance on these cases is misplaced. *Mayad* simply stands for the proposition that local rules may not be inconsistent with state rules of civil procedure. *See* Tex.R.Civ.P. 3a. In *Mayad*, the court relied on former rule of civil procedure 817 (amended 1984, now Tex. R.Civ.P. 3a) in holding that the mandatory notice provisions of Texas Rule of Civil Procedure 165a (requiring that a court's notice of intent to dismiss a case *"shall"* be sent) were inconsistent

with and prevailed over a local rule providing only that such notice of intent to dismiss *"may"* be sent. Because we do not find the local transfer rules at issue in the present cases inconsistent with state rules and statutes regarding transfer, *Mayad* is inapplicable.

In *Starnes*, the court held transfer was proper where, following assignment of a retired judge by the presiding judge of a judicial administrative district, the case was transferred to the court of another district judge by the *elected* judge of the court in which the case was pending and in which the retired judge had been assigned. Thereafter, the elected local administrative judge entered an order effectively validating the transfer. In *Starnes*, the local rules apparently provided broad authority to a presiding judge to assign and transfer cases from one court to another. *Starnes*, 779 S.W.2d at 91. In the cases before us, the local rules grant authority to transfer cases only in certain specified circumstances. Moreover, in *Starnes*, the initial transfer was by order of the elected judge of the court *in which the case was pending*. In contrast, the transfer order before us was an order unilaterally transferring the cases into Judge Gonzalez's court, in which none of the cases were previously pending.

12. *See* Merriam Webster's Collegiate Dictionary 4 (10th ed.1996) (defining "absent" as not present or attending; missing).

S.W.2d at 52; *see* TEX. CONST. art. V, § 11; TEX.R.CIV.P. 330(e); HIDALGO COUNTY (TEXAS) CIV.DIST.CT.LOC.R. 1.2(a), 1.7(a) (1977). Such discretion, however, is not unrestricted. District courts are statutorily mandated to adopt local rules of administration which provide for rules governing transfer of cases. *See* TEX. GOV'T CODE ANN. § 74.093. A local administrative judge is statutorily charged with the duty of implementing and executing the local rules, including the transfer of cases between courts in that county. *See* TEX. GOV'T CODE ANN. § 74.092(1); *Republic,* 931 S.W.2d at 341 n. 2; *Baluch v. Miller,* 774 S.W.2d 299, 300 (Tex.App.—Dallas 1989, orig. proceeding).

■ The Hidalgo County local rules provide for the transfer of cases by order of the judge *in whose court a case is pending,* with the consent of the receiving judge, rule 1.2(a) (emphasis added), and to the court of first-filing when related cases are pending in different courts. HIDALGO COUNTY (TEXAS) CIV. DIST.CT.LOC.R. 1.2(a), 1.7(a). In the present case, the first lawsuit was filed in the 92nd District Court, which is therefore the court of dominant jurisdiction. Accordingly, on the facts before us, no basis exists to transfer the cases to the 370th District Court under rule 1.7(a). Moreover, the Transfer Cases were pending before Judge Westergren in the 92nd District Court. Any transfer of cases from Judge Westergren under local rule 1.2 must be initiated by him with the consent of Judge Gonzalez. There is no indication in the record that Judge Westergren initiated or even consented to the purported transfer.

■ We hold Judge Gonzalez's authority to transfer cases is subject to the Hidalgo County local court rules, which, in turn, establish procedures governing transfer of cases that are not inconsistent with rule 330(e) of the Texas Rules of Civil Procedure,[13] and that Judge Gonzalez had a duty to follow and enforce the local rules. We further hold that as the local rules do not provide authority for Judge Gonzalez's order unilaterally transferring the cases previously

assigned to Judge Westergren into his court, the order purportedly transferring Cause Nos. C–4558–95–A–2, C–4558—95–A(3), and C–2262–97–A into the 370th District Court is void. Because the record before us indicates that Cause No. C–4558–95–A–4 was dismissed without prejudice prior to the October 8 transfer order, the order purportedly transferring that case is also void.

### c. Recusal

We next address whether Judge Gonzalez had authority to transfer the Recusal Cases, Cause Nos. C–2276–97–A, C–427–98–G, and C–786–98–B, to his court from Judge Aparicio in the 92nd District Court when motions to recuse Judge Aparicio were pending in those cases.

Judges may be removed from a particular case either because they are constitutionally disqualified, TEX. CONST. art. V, § 11, because they are subject to a statutory strike, TEX. GOV'T CODE ANN. § 74.053(d) (Vernon 1998), or because they are recused under rules promulgated by the Texas Supreme Court. TEX.R.CIV.P. 18a, 18b; TEX.R.APP.P. 16; *In re Union Pac. Resources Co.,* 969 S.W.2d 427, 428 (Tex.1998). The grounds and procedures for each type of removal are fundamentally different. *In re Union Pac.,* 969 S.W.2d at 427; *see generally* William W. Kilgarlin & Jennifer Bruch, *Disqualification and Recusal of Judges,* 17 ST. MARY'S L .J. 599 (1986).

Although often used interchangeably, "disqualification" and "recusal" are separate and distinct procedures. Kilgarlin & Bruch, 17 ST. MARY'S L.J. at 601. The grounds for disqualification are expressly set out in the Texas Constitution. *Id.; see* TEX. CONST. art. V, § 11.

■ Recusal includes those instances in which a judge voluntarily steps down and those instances in which a judge is required to step down on motion of a party for reasons other than those enumerated as disqualifying

---

**13.** Rule 3a of the Texas Rules of Civil Procedure specifies that district courts may make and amend local rules which are "not inconsistent" with the Texas Rules of Civil Procedure. *See*

TEX.R.CIV.P. 3a; *United Marketing Technology, Inc. v. First USA Merchant Serv., Inc.,* 812 S.W.2d 608, 611 (Tex.App.—Dallas 1991, writ denied).

in the constitution. Kilgarlin & Bruch, 17 ST. MARY'S L.J. at 602.

Prior to 1974, a state district judge could only be disqualified under the terms of article V, § 11 of the Texas Constitution. In 1974, the Texas Supreme Court adopted the Code of Judicial Conduct, which included a provision for self-recusal establishing guidelines for determining when a judge should recuse himself or herself or be recused upon a proper motion. Kilgarlin & Bruch, 17 ST MARY'S L.J. at 634. The adoption of the Code was undoubtedly a step towards a concept of fairness, a concept of recusal to be distinguished from the concept of strict constitutional disqualification. *State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 476 (Tex. Crim.App.1985).

Although the Texas Rules of Civil Procedure now cover recusal, recusal first came to the courts by legislative mandate. *Keene Corp. v. Rogers*, 863 S.W.2d 168, 183 (Tex. App.—Texarkana 1993, no writ). In 1977, the Texas Legislature amended article 200a of the Texas Revised Civil Statutes by adopting § 6 to establish a mandatory procedure for recusal. *Keene*, 863 S.W.2d at 183.

In 1979, the Texas Supreme Court held the requirements of article 200a, § 6 were mandatory and a district judge must request the presiding judge to assign a judge to hear any motion to recuse. *McLeod v. Harris*, 582 S.W.2d 772, 775 (Tex.1979). The substance of article 200a, § 6 is now found in Texas Rule of Civil Procedure 18a, promulgated by the supreme court and effective January 1, 1981, and TEX. GOV'T CODE ANN. § 74.059(c)(3). *Keene*, 863 S.W.2d at 183. Section 74.059(c)(3) provides, in pertinent part:

> (c) A district, statutory probate, or statutory county court judge *shall:*
>
> . . . .
>
> (3) request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court[.] (emphasis added).

TEX. GOV'T CODE ANN. § 74.059(c)(3) (Vernon 1998).

Rule 18a of the Texas Rules of Civil Procedure provides in relevant part:

> (a) At least ten days before the date set for trial or other hearing ... any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case.
>
> . . . .
>
> (c) *Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.* If the judge recuses himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken.
>
> (d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion. The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, shall cause notice of such hearing to be given to all parties or their counsel, and shall make such other orders including orders on interim or ancillary relief in the pending cause as justice may require.
>
> . . . .
>
> (f) If the motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment. If the motion is granted, the order shall not be reviewable, and the presiding judge shall assign another judge to sit in the case. (emphasis added).

TEX.R.CIV.P. 18a.

### d. Analysis of Recusal Cases

The Real Parties contend the pendency of a rule 18a motion to recuse does not divest

other district judges of their broad constitutional and statutory authority to transfer cases. Accordingly, they contend Judge Gonzalez had authority to transfer the Recusal Cases into his own court, even though rule 18a motions to recuse Judge Aparicio were pending in the cases. They further contend that the transfer "moots" any pending rule 18a challenges. In support, the Real Parties cite the recent Texas Supreme Court case, *In re Houston Lighting and Power Company*, 976 S.W.2d 671 (Tex.1998), in addition to the general transfer authority found in article V, § 11 of the Texas Constitution, Texas Government Code §§ 24.303(a), 74.093, and rule 330(e) of the Texas Rules of Civil Procedure.

We find *In re Houston Lighting and Power* inapplicable to the facts before us. In that case, the supreme court held an objection pursuant to § 74.053 of the Texas Government Code, which allows a party in a civil case to object to a judge assigned under Chapter 74, was superceded by the transfer of the case into a court where the challenged judge was the elected judge. *In re Houston*, 976 S.W.2d at 672–673; *see* Tex. Gov't Code Ann. § 74.053 (Vernon 1998). The court noted that an objection under § 74.053 is only applicable to assignments under Chapter 74, which deals with the appointment of visiting judges by the presiding judge of the administrative judicial region to sit for an elected judge. *In re Houston*, 976 S.W.2d at 672; *see Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 617 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Moreover, the court noted that the power to transfer derives from rule 330(e) of the Texas Rules of Civil Procedure and the Harris County local rules.[14] No rule 18a motion to recuse was before the court in *In re Houston*, and accordingly, the effect of pendency of such a motion on transfer was not addressed by the court.

 We also reject the Real Parties' argument that transfer "moots" any pending rule 18a challenges. The rules of procedure have the same force and effect, and should be

construed in much the same manner, as statutes. *Burrhus v. M & S Supply, Inc.*, 933 S.W.2d 635, 640 (Tex.App.—San Antonio 1996, writ denied). Accordingly, rules that are specific and clear are given their plain meaning unless a literal interpretation would produce an absurd result or defeat the intent of the enacting body. *Id.* (citations omitted). To allow transfer of a case in circumstances where a rule 18a motion is pending would nullify the mandatory provisions of the rule. Transfer could serve as a device by which any rule 18a challenge could be preempted, thereby depriving the challenging party of its right to have a recusal issue resolved. We decline to embrace such a result.

Moreover, given a trial court's broad discretion to exchange benches, absent an opportunity for a hearing and ruling on the pending recusal motions, we see nothing to prevent Judge Aparicio from sitting in the 370th District Court to hear and rule on motions in the cases. We find such a result defeats the purpose of rule 18a.

 There is a simple interpretation of rule 18a; the appellate courts have agreed that when presented with a motion to recuse, a judge has two, and only two, options. *Brosseau v. Ranzau*, 911 S.W.2d 890, 892 (Tex.App.—Beaumont 1995, no writ). These options are for the judge to either recuse himself or refer the motion to the presiding judge of the administrative judicial district. *Id.* (citing *Greenberg, Benson, Fisk and Fielder v. Howell*, 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, orig. proceeding) and *Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex.App.—Dallas 1989, writ denied); *see also General Motors Corp. v. Evins*, 830 S.W.2d 355, 357 (Tex.App.—Corpus Christi 1992, no writ); *Metzger v.. Sebek*, 892 S.W.2d 20, 49 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex.App.—Houston [14th Dist.] 1993, no writ). A trial judge does not have the option of doing nothing; he must act in one of the two specified ways provided in rule 18a. *Brosseau*, 911 S.W.2d at 892.

---

14. In contrast to the Hidalgo County local rules, the Harris County local rules grant the local administrative judge unrestricted authority to transfer cases. *See* Harris (Tex.) Civ.Dist.Ct. Loc .R. 3.25 ("Any case may be transferred from one court to another court by written order of the Administrative Judge of the Civil Trial Division. . . .").

In *McLeod v. Harris*, 582 S.W.2d 772 (Tex.1979), the supreme court interpreted a statute,[15] subsequently codified as section 74.059 of the government code, which provided that a "district or statutory county court judge shall request the presiding judge to assign a judge of the administrative district to hear any motions to recuse such district judge from a case pending in his court." *McLeod*, 582 S.W.2d at 773; *see Carson v. Gomez*, 841 S.W.2d 491, 493 (Tex. App.—Houston [1st Dist.] 1992, no writ). In *McLeod*, the supreme court held the statutory provisions are mandatory. *McLeod*, 582 S.W.2d at 773. When a motion to recuse has been filed, a judge must either recuse himself or herself or request the presiding administrative judge to assign another judge to hear the motion. *Wright v. Wright*, 867 S.W.2d 807, 811 (Tex.App.—El Paso 1993, writ denied); *Carson*, 841 S.W.2d at 492-93; *Lamberti*, 776 S.W.2d at 652; *Petitt v. Laware*, 715 S.W.2d 688, 692 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd. n.r.e.); *Greenberg*, 685 S.W.2d at 695. Any order other than an order of recusal or referral, entered by a court after a proper motion to recuse is entered is void. *Crawford v. State*, 807 S.W.2d 597, 598 (Tex.App.—Dallas 1991).

A judge abuses his discretion as a matter of law when he pursues an option other than the two available in the rule. *Brosseau*, 911 S.W.2d at 892; *Jamilah*, 862 S.W.2d at 203; *Lamberti*, 776 S.W.2d at 652; *Greenberg*, 685 S.W.2d at 695. Judge Aparicio, the original trial judge in the cases at bar, has not chosen one of the two options available to him.

In *Weslaco*, a motion to recuse Judge Aparicio was filed on September 22, 1997. In the *Pharr Injunction* lawsuit, a motion to recuse Judge Aparicio was filed on February 3, 1998. In the *Mercedes Injunction* lawsuit, a motion to recuse Judge Aparicio was filed on October 5, 1998, three days prior to Judge Gonzalez's order purportedly transferring all seven related cases into the 370th District Court. No action had been taken on these three motions at the time of the transfer.

Sections (d) and (f) of Texas Rule of Civil Procedure 18a and 74.059(c)(3) of the government code clearly contemplate a hearing will be held on a motion to recuse. TEX.R.CIV.P. 18a (d), (f); TEX. GOV'T CODE ANN. § 74.059(c)(3); *see Winfield v. Daggett*, 846 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1993, no writ). A hearing affords the movants an opportunity to develop a record regarding the motions to recuse. *Winfield*, 846 S.W.2d at 922. Section (f) provides that if a motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment. TEX.R.CIV.P. 18a(f). Because in the Recusal Cases at bar, the motions to recuse have not been referred for a hearing to the administrative judge or another judge designated by him, movants have not had an opportunity to develop a record. This could affect any subsequent appeal the relators might bring in the future.

When a trial judge is faced with a recusal motion, he may hold a hearing to determine if he will recuse himself from the case or refer the case to the administrative judge and enter an order. *General Motors*, 830 S.W.2d at 358 (citing *Crawford*, 807 S.W.2d at 598). Accordingly, Judge Aparicio may hold a hearing in the *Weslaco*, *Pharr Injunction*, *and Mercedes Injunction* cases to determine in each case if he chooses to recuse himself or refer the case to the administrative judge.

Rule 18a(c) requires a judge to either recuse himself or request the presiding judge to assign a judge to hear a recusal motion *"prior to any further proceedings in the case."* TEX.R.CIV.P. 18a(c) (Emphasis supplied). The filing of a recusal motion provides no rational basis for another court within the county to unilaterally order the lawsuit transferred. *Republic*, 931 S.W.2d at 343.

Once motions to recuse Judge Aparicio were pending, he was precluded from taking any further action in the cases other than issuing an order of recusal or referral. TEX.R.CIV.P. 18a(d); *Crawford*, 807 S.W.2d at 598. Because local rule 1.2(a) provides for

---

**15.** TEX.REV.CIV.STAT.ANN. art. 200a, § 6, subsequently codified as TEX. GOV'T CODE ANN. § 74.036, renumbered in 1987 as TEX. GOV'T CODE ANN. § 74.059(c)(3)) (Vernon 1998).

transfer only "by order of the [j]udge of the [c]ourt in which the case is pending," Hid.Co. Tex.Civ.Ct.R. 1.2(a), it cannot provide the basis for transfer of the Recusal Cases. In light of our holding above, that under the local rules Judge Gonzalez lacked authority to unilaterally transfer the Transfer Cases, he similarly lacked authority to transfer the Recusal Cases into his court.

Because Judge Aparicio has neither recused himself nor referred the motions to the presiding judge of the judicial administrative region, we hold no further proceedings, including transfer, can occur in Cause Nos. C–2276–97–A, C–427–98–G, and C–786–98–B until the mandatory requirements of rule 18a have been met. Accordingly, we hold Judge Gonzalez lacked authority to unilaterally transfer Cause Nos. C–2276–97–A, C–427–98–G, and C–786–98–B. Thus, the order of October 8, 1998 transferring those cases into the 370th District Court is void.

We conditionally grant writs of mandamus ordering Judge Gonzalez to vacate his order of October 8, 1998, purporting to transfer Cause Nos. C–2276–97–A, C–427–98–G, C–786–98–B, C–4558–95–A–2, C–4558–95–A(3), and C–2262–97–A into the 370th District Court. We order each case remanded to the court having jurisdiction prior to the purported transfer. Because Cause No. 4558–95–A–4 was dismissed without prejudice, the order purportedly transferring that case is void. We similarly order the transfer order of September 21, 1998, signed jointly by Judge Aparicio and Judge Gonzalez, vacated. Because the transfer orders are void, any action taken by Judge Gonzalez subsequent to the orders is also void, including the October 9, 1998 protective order in Cause No. C–427–98–G. We order Judge Gonzalez to vacate the protective order. The writs will not issue unless Judge Gonzalez fails to act in accordance with this opinion.

Justice NELDA V. RODRIGUEZ not participating.