

# NUMBER 13-11-00735-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ALFREDO DE LOS SANTOS JR., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF ALFREDO DE LOS SANTOS,**                 **Appellants,**

**v.**

**FIDEL VARGAS,**                                           **Appellee.**

---

## On appeal from the County Court at Law No. 2
## of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez, and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

Appellant, Alfredo De Los Santos Jr. ("Junior"), as personal representative of the

estate of Alfredo De Los Santos Sr. ("Senior"), appeals the trial court's order granting

appellee Fidel Vargas's plea to the jurisdiction. By two issues, appellant contends that the trial court erred by: (1) denying his plea to the jurisdiction in favor of appellee's plea to the jurisdiction; and (2) awarding sanctions and attorney's fees in appellee's favor. We reverse and vacate.

## I. BACKGROUND

The underlying action in this case deals with the rights and obligations to certain pieces of real property located in Hidalgo County, Texas. In June 2007, Vargas brought suit in Hidalgo County Court at Law No. 2 ("the trial court") against Senior and Laureen Harris ("Harris"), who were cotenants to the subject property. Vargas alleged several causes of action against Senior and Harris, including: breach of contract, failure to provide accounting statements, violations under the Texas Deceptive Trade Practices Act (DTPA), and civil conspiracy.[1] In February 2009, during the pendency of the underlying suit, Senior died in Bexar County, where he resided. Junior was substituted for Senior in the pending litigation as the personal representative of Senior's estate. An action was also filed in Bexar County Probate Court No. 1 ("the probate court") to administer Senior's estate.

In July 2009, Vargas petitioned the probate court to appoint him temporary administrator of Senior's estate. Junior contested this motion and requested instead that he be appointed administrator. After a hearing, the probate court appointed Junior

---

[1] Leandro Garcia and Imelda Garcia filed an interpleader in the lawsuit on September 24, 2007 alleging breach of contract, fraud, and negligent misrepresentation. The Garcias are not parties to this appeal.

administrator. The probate court further ordered that $70,000 realized from the sale of the Hidalgo County property should be deposited into the registry of the court, pending a resolution of how the money should be disbursed. Vargas asserts in his briefing that the property was sold in October 2009 and that the closing agent of the property deposited $70,000 into the registry of the Hidalgo County court.

On December 7, 2009, Junior filed a motion to transfer the entire Hidalgo County litigation to Bexar County because it related to the administration of Senior's estate. *See* TEX. PROB. CODE ANN. § 5B (West Supp. 2011). One day before the hearing on Junior's motion to transfer was held, Vargas filed a motion in Hidalgo County to sever only his claims against Harris in the real property suit.[2] On January 22, 2010, the probate court held a hearing on Junior's motion to transfer, granted the motion, and ordered the entire Hidalgo County cause of action, including Vargas's claims against Harris, transferred to Bexar County.[3] On May 26, 2010, Junior filed a "Notice of Order to Transfer of Venue" and companion "Motion to Abate Proceedings and Transfer Venue" in Hidalgo County.

On June 23, 2010—despite its notice of the order to transfer the entire cause—the Hidalgo County court granted Vargas's lingering motion to sever and transferred the

---

[2] In his motion, Vargas alleged that Bexar County had no subject-matter jurisdiction over his claims against Harris because the matters did not appertain to or were not incident to Senior's estate.

[3] The transfer order indicates that it was signed on January 29, <u>2009</u>. We recognize that this is a typographical error. The date should read January 29, <u>2010</u>.

remaining claims against Senior to Bexar County.[4]   On July 30, 2010, Vargas and Harris reached a settlement regarding their portion of the case.   As a result of the settlement agreement, the trial court dismissed the Vargas-Harris claims with prejudice and ordered the Hidalgo County Clerk to release $35,248.94, held in its registry, to the parties.[5]   On August 12, 2010, the Hidalgo County court ordered—on Junior's motion—that the remaining funds in the registry be transferred to the registry of the Bexar County probate court.

On June 21, 2011, Junior filed a plea to the jurisdiction in Hidalgo County.   In his plea, Junior contended that as a result of the Bexar County probate court's January 29, 2010 transfer order, the Hidalgo County court was without jurisdiction: (1) to sever the Vargas-Harris claims; (2) to order a portion of the funds in the registry released; and (3) to dismiss the Harris portion of the case with prejudice.   Vargas responded with his own plea to the jurisdiction and argued that Junior lacked standing because Junior's plea was outside of the trial court's plenary power to act, and thus, outside the court's jurisdiction. Junior replied and contended that a plea to the jurisdiction may be raised at any time. In his surreply, Vargas reasserted his standing argument and also sought sanctions and attorney's fees against Junior.

---

[4] The record indicates that Junior was served with notice of: (1) Vargas's motion to sever; (2) the hearing on the motion to sever; and (3) the order of severance and transfer.

[5] The respective payouts were as follows:   $20,142.25 payable to Harris's counsel, in trust; and $15,105.69 payable to Vargas's counsel, in trust.

4

On November 11, 2011, the trial court granted Vargas's plea to the jurisdiction, ordered sanctions in the amount of $10,000.00, and awarded attorney's fees totaling $2,250.00 in Vargas's favor. This appeal followed.

## II. COLLATERAL ATTACK

Junior's first issue asserts that the trial court erred when it denied his "plea to the jurisdiction." In his plea, Junior lodges a collateral attack on the trial court's June 23, 2010 severance order and subsequent rulings pursuant to that order—i.e. the July 30, 2010 order releasing funds from the registry of the court and order of dismissal with prejudice—as void.

### A. Applicable Law and Standard of Review

A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012); *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the court. *See Browning*, 165 S.W.3d at 346. A *collateral* attack is distinguishable from a *direct* attack, which includes a standard appeal, motion for new trial, or bill of review that seeks to correct, amend, modify, or vacate a judgment. *PNS Stores*, 379 S.W.3d at 271. A direct attack must be brought within a definite time period after a judgment's rendition, *see* TEX. R. CIV. P. 329b(a) (stating that "[a] motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed"); TEX. R. APP. P. 26.1 (delineating the timetables for when a party must file a notice of appeal in civil cases);

5

TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008) (setting out that a bill of review is governed by the residual four-year limitations period). A void judgment, however, can be collaterally attacked at any time. *In re E.R.*, No. 11-0282, 2012 WL 2617604, at *10,—S.W.3d—, (Tex. July 6, 2012).

A litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly. *See Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009). Because of this distinction, when a party challenges the trial court's judgment as void, our first inquiry must be to determine whether the alleged defect renders the judgment void or merely voidable. *See PNS Stores*, 379 S.W.3d at 272 n.8 (noting that a "court's precision in discussing the judgment as void or voidable is important in order to avoid engendering confusion when the distinction is material"). A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) (citing *Browning*, 165 S.W.3d at 346). Errors other than lack of jurisdiction are voidable. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987).

## B.    Discussion

We now turn to the trial court's actions that Junior challenges on appeal. Junior argues that the trial court's June 23, 2010 severance order—and subsequent orders which followed—were void as a result of the Bexar County probate court's January 29, 2010 transfer order.

Section 5B of the probate code gives the judge of a statutory probate court the authority, on the motion of a party to the action, to transfer to its court from another district, county, or statutory court a cause of action related to the pending probate proceeding, when that cause of action is one in which the personal representative of an estate pending in the probate court is a party. *See* TEX. PROB. CODE ANN. § 5B(a).[6] Here, the probate court ordered the pending Hidalgo County action transferred to Bexar County on January 29, 2010 under explicit authority of section 5B. Junior was a party, as personal representative of his father's estate, to the real property litigation; and the Hidalgo County suit related to the probate proceeding pending in Bexar County as it deals with land ownership rights by Senior's estate. *See id.*

Although Vargas's motion to sever was filed on January 21, 2010, the trial court was indisputably made aware of the probate court's transfer order by Junior's "Notice of Order to Transfer of Venue" filed on May 26, 2010. The Hidalgo County court did not rule on Vargas's motion to sever until June 23, 2010, nearly one month after receiving Junior's notice of the probate transfer order.

The facts of this case are similar to the facts of *In re Ramsey*, 28 S.W.3d 58 (Tex. App.—Texarkana 2000, orig. proceeding). In *Ramsey*, a pending partnership lawsuit in Lamar County was transferred to Dallas County Probate Court No. 3 under the express authority of section 5B of the probate code. After being made aware of the probate

---

[6] A statutory probate court's authority to transfer causes under section 5B is not unfettered. The Texas Probate Code mandates that the proper venue for an action by or against a personal representative for personal injury, death, or property damages is determined by section 15.007 of the civil practice and remedies code. *See* TEX. PROB. CODE ANN. § 5B(b) (West Supp. 2011); *id.* § 6B (West Supp. 2011); TEX. CIV. PRAC. & REM. CODE ANN. § 15.007 (West 2002).

court's transfer order, the Lamar County district court held hearings on the appointment of a receiver in the partnership suit, appointed a receiver, and scheduled the case for trial later that year. *Id.* at 60. A writ of mandamus was sought against the Lamar County district court to vacate its previous orders, including the denial of relators' motion to transfer venue and order setting trial.

The Texarkana Court conditionally granted the writ and explained that when a court is faced with a probate court's transfer order, a court is required to transfer the suit. *Id.* at 61. The actions by the Lamar County district court in *Ramsey* were held to be void. *Id.* at 63–64 (citing *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 172–73 (Tex. App.—Corpus Christi 1999, orig. proceeding)). Stated another way, when one court attempts to divest the other of jurisdiction, the order is void because it is beyond the court's power or jurisdiction to order it. *See In re Rio Grande Valley Gas Co.*, 987 S.W.2d at 172.

Applying the analogous principles and application announced in *Ramsey*, we conclude that the Hidalgo County court's order of severance and subsequent orders of dismissal with prejudice and to release funds from the registry of the court was an attempt to divest the Bexar County probate court of its jurisdiction over that portion of the case. *In re Ramsey*, 28 S.W.3d at 63–64; *see also In re Rio Grande Valley Gas Co.*, 987 S.W.2d at 172; *Flores v. Peschel*, 927 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1996, orig. proceeding). As a result, the trial court's orders were void and subject to Junior's collateral attack. *See In re E.R.*, 2012 WL 2617604, at *10. The remedy of a successful collateral attack on a void judgment is that it is vacated. *See PNS Stores*, 379

S.W.3d at 272. Therefore, the trial court's severance order, dismissal with prejudice, and order to release funds from the registry of the court are vacated.

Junior's first issue is sustained.

### III.     SANCTIONS AND ATTORNEY'S FEES

By his second issue, Junior asserts that the trial court's sanctions order and award of attorney's fees to Vargas were an abuse of discretion.

### A.     Standard of Review and Applicable Law

A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). The test for an abuse of discretion is whether the trial court acted without reference to guiding rules and principles. *Id.* at 838–39; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). The trial court's ruling should only be reversed if it was arbitrary or unreasonable. *Cummings*, 134 S.W.3d at 839.

### B.     Discussion

Vargas moved for sanctions and requested attorney's fees under Texas Rule of Civil Procedure 215.2(b). Sanctions under Rule 215.2 relate to failures by a party to comply with an order or discovery request. *See* TEX. R. CIV. P. 215.2. Vargas asserted in his motion that sanctions were warranted and that he was entitled to attorney's fees:

> to cover 10 hours of attorney fees expended in favor of [Vargas's] Attorney because of [Junior's] conduct in filing his unsubstantiated pleading, his unsubstantiated subsequent response on September 8, 2011, and for forwarding a copy of the response at least 4 days after he filed his response.

9

These allegations do not relate to Junior's failure to comply with an order or discovery request, but instead relate to his conduct as a party litigant. Further, Junior's pleadings in this case were neither "unsubstantiated," groundless, nor brought in bad faith, as analyzed in Part III-B of this opinion. Accordingly, the trial court's order for sanctions and award for attorney's fees was an abuse of discretion because the trial court's order was without reference to the guiding rules and principles of Rule 215.2(b). *Cummings*, 134 S.W.3d at 839; *see* TEX. R. CIV. P. 215.2(b).

Junior's second issue is sustained.

## IV. CONCLUSION

We reverse the trial court's order granting Vargas's plea to the jurisdiction and order for sanctions and attorney's fees. Furthermore, we vacate the trial court's orders of severance, dismissal with prejudice on the Harris claims, and release of funds from the registry of the court.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
24th day of January, 2013.

10